## FROST *vs.* THE SARATOGA MUTUAL INSURANCE COMPANY.

Where in an action on a policy, issued by a mutual insurance company, the insurers defended on the ground of a false warranty, in that the insured in his application which was made a part of the policy had untruly stated that there were no buildings within ten rods of the buildings insured; but the insurers, with a knowledge of the loss and of the inaccuracy of the statement, had afterwards made assessments on the premium note given by the insured, which he had paid; *held* that the insurers were estopped by those facts from setting up the warranty, and were liable for the loss.

The conduct of the insured furnishes a conclusive estoppel *in pais.*

An estoppel *in pais* arises where one person is induced by the assertion of another, to do that which would be prejudicial to his own interest, if the person by whom he had been induced to act in this manner was allowed to contradict and disprove what he had before affirmed. *Per* BEARDSLEY, C. J.

Where a policy of insurance is void on account of a false warranty on the part of the insured, the premium note is void for want of consideration.

ASSUMPSIT on a policy of insurance, against loss by fire, tried in February, 1847, at the Tompkins circuit, before Gray, Cir. J. The plaintiff was nonsuited on the trial. The facts are sufficiently stated in the opinion of the court. The plaintiff moves for a new trial on a bill of exceptions.

*G. D. Beers,* for the plaintiff.

*N. Hill, Jr.* for the defendants.

*By the Court,* BEARDSLEY, Ch. J. A new question is presented in this case, and one, it must be admitted, of some novelty in its application to a case like this, and which has therefore been examined and considered with more than ordinary care and attention.

The contract of insurance between these parties was entered into in September, 1838, and I assume that the plaintiff, by his application for insurance, which was made a part of the contract, engaged that there was no building within less than ten rods of the store insured, except those mentioned in said appli-

Frost *v.* Saratoga Mutual Ins. Co.

cation. This was in law an express warranty to that effect by the plaintiff, and which is shown to have been untrue in point of fact, for there was at least one building, and it would seem more than one, within the distance stated, of which no mention was made in the application. If this fact, which constitutes a breach of the warranty, is to be taken as a part of the case, the plaintiff cannot recover. Of this no doubt can be entertained. But the plaintiff insists that the defendants, by certain act on their part, acquiesced in and acted on by him, have precluded themselves from setting up this breach of warranty as a ground for holding the contract of insurance void *ab initio.* The fire occurred in the spring of 1840. In the course of that year, the defendants were fully apprized that the application for insurance did not truly describe all the buildings within the prescribed distance, but had omitted to make mention of one or more such buildings; yet subsequently, and in eighteen hundred forty-one, two and three, the defendants made assessments on the premium note of the plaintiff, given when the policy was issued, and which several assessments were thereupon paid by the plaintiff. This, he insists, should estop the defendants from showing the facts constituting this breach of the warranty on his part, and if they appear by the evidence given in the case, the defendants should not be allowed to set them up as a defence to an action on the policy.

I regard it is clear that if the policy was originally void, on the ground now taken by the defendants, that is, a breach of the plaintiff's contract of warranty, the premium note was also invalid. The only consideration for the note, as is expressed on its face, was this policy, and if that was void there remained not a scintilla of consideration, and the note, consequently, could not be enforced.

The plaintiff was only liable on this note as a member of the corporation—the Saratoga County Mutual Fire Insurance Company ; he not being one of the persons named in the charter, nor the heir, executor, administrator or assignee of any person who had been a corporator, and he could only become such member " by effecting insurance " in the company. (*Laws of*

1834, *p.* 530, *act of incorporation.*) For this purpose a valid con-
tract of insurance, including both policy and note, one being
the consideration for the other, was indispensable. If, for any
cause, one was invalid in its inception, so was the other, and
no membership could be acquired. But if both were valid mem-
bership was secured, and the party insured not only was bound
to make payment of his premium note as the directors might
deem requisite, (§ 4,) but the property insured also became
thereby pledged to the company for the payment of all losses
as specified in the act of incorporation. (§§ 5, 8.) These are
burthens to which the member subjects himself; in return for
which he has the policy of insurance on his property and the
right to his proportion of whatever profits may be made by the
company. But the policy being originally void, no member-
ship could be thereby created, and no right to profits could arise.
It would seem to follow that in such a case, the premium note
must be held invalid for the want of a legal consideration to
uphold the promise. The charter of the company contemplates,
and good faith and fair dealing require, that the entire con-
tract of insurance, including the premium note on the one hand
and the policy of insurance on the other, with all their necessa-
ry concomitants and consequences, should exist or fall together.
The note cannot be valid unless the policy also was so in its
inception; and unless both were so originally in this case, no
membership was acquired by the plaintiff. All this I hold to
be clear upon the terms and spirit of the charter of incorpora-
tion, and the true nature of the contract between the parties.

The defendants, with full knowledge of the facts invalidating
the policy, have chosen to act upon the premium note of the
plaintiff, as an available security in their favor and which he
was bound to pay. Several sums have accordingly been
assessed by the directors of the company, and payment thereof
required on said note. These payments have been made by
the plaintiff, and the question is presented, can the defendants,
who have thus affirmed the original and continuing validity of
the premium note, in which the plantiff has fully acquiesced,
be allowed to set up that this policy, which formed the only

Frost *v.* Saratoga Mutual Ins. Co.

consideration for the note, was never valid; and that, on the sole ground of a breach of warranty on the part of the plaintiff, the facts constituting such breach of warranty being as well known to the defendants when they exacted and received payments on the note, as they are at the present time? This is the point to be determined, and I should certainly with great reluctance come to the conclusion that the defendants can be allowed to occupy the position they now assume. It is wholly inconsistent with the ground taken by them when they called for payments on the premium note, and I think common justice forbids any change of position in this respect. "It is a question of ethics," as was said in *Dezell* v. *Odell*, (3 *Hill*, 225,) and morality requires that these defendants should be held strictly to the ground they have chosen to assume for themselves. An estoppel, according to Lord Coke, is where "a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." (*Co. Lit.* 352, *a.*) Estoppels are of three kinds, viz. by matter of record, by deed, and *in pais;* but our present concern is with the latter class only. Such an estoppel arises where one person is induced by the assertion of another, to do that which would be prejudicial to his own interest, if the person by whom he had been induced to act in this manner, was allowed to contradict and disprove what he had before affirmed. In the case of *Pickard* v. *Sears*, (6 *A. & E.* 469,) the principle is thus stated by Lord Denman: "the rule of law is clear, that where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." In the case of *Dezell* v. *Odell*, (*supra*) *Cowen*, *J.* said : "we then have a clear case of an admission by the defendant intended to influence the conduct of the man with whom he was dealing, and actually leading him into a line of conduct which must be prejudicial to his interest, unless the defendant be cut off from the power of retraction. *This I understand to be the very definition of an estoppel in pais.*"

The estoppel is allowed to prevent fraud and injustice, and exists wherever a party cannot in good conscience gainsay his own acts or assertions. The authorities upon this point are numerous and all speak the same language. ( *Gregg* v. *Wells,* 10 *A. & E.* 90; *Coles* v. *The Bank of England, id. p.* 437; *Sandys* v. *Hodgson, id.* 472; *Stephens* v. *Baird,* 9 *Cowen,* 274; *The Welland Canal Co.* v. *Hathaway,* 8 *Wend.* 480; 2 *Smith's Lead. Cas. p.* 458, 467, *notes;* 1 *Greenlf. Ev.* §§ 22, 27, 204, 207.) "It makes no difference in the operation of this rule whether the thing admitted was *true* or *false :* it being the fact, that it has been acted upon, that renders it conclusive." (*Id.* §§ 208, 209.) Here the defendants in affirming the validity of the premium note, necessarily affirmed that the policy was also originally valid. This affirmation was acted upon by the plaintiff, for he advanced money in consequence of its being made, and the defendants shall not now be allowed to set up any fact dehors the policy, in order to impeach the original validity of the contract of insurance. *Qui sentit commodum, sentire debet et onus.* The defendants have derived advantage from this contract and they should now bear its burden. I think the nonsuit should be set aside and a new trial ordered.

No objection is made in the points submitted on behalf of the defendants that the declaration was not adapted to the case as proved, although a suggestion to that effect was made at the circuit. I have not examined that question. Looking only at what appears on the face of this policy it is unobjectionable, for nothing there appears to impeach it. The conclusion at which I have arrived does not, however, rest on the idea that the policy was certainly valid in its inception, but on the ground that these defendants have precluded themselves from setting up any fact out of the policy to show that it was originally void.

New trial ordered.