VIALL *vs.* THE GENESEE MUTUAL INSURANCE COMPANY.

Where an insurance company, after the policy has become forfeited by a violation
of one of the conditions thereof, makes an assessment upon the premium note
of the assured, and collects and receives the amount, with full knowledge of
such forfeiture, this amounts to a waiver of the forfeiture, and to an admission
that the contract of insurance is still in existence.

THIS was an appeal from a judgment entered upon the report
of a referee. The action was upon a policy of insurance,
bearing date the 9th of October, 1850, and executed by the de-
fendants, whereby they agreed to insure the plaintiff, to the
amount of $3000, on movable machinery contained in a mill
described in the application of the plaintiff for insurance, for one
year, commencing on the 28th of September. In the application
referred to, the mill was described as being used for a cotton
factory, when in operation, and it was stated that insurance was
asked on the machinery only while the mill was not in operation;
that it was nicely cleaned out and kept closed, and the key was
in charge of a faithful man; that no light or fire was to be in or
about the mill, and no business, work or manufacturing of any kind
was to be done or carried on in any part of the mill, nor was any
part of the machinery to be put in operation or motion, or used in
any way during the continuance of the insurance. It was fur-
ther stated that should the mill or machinery be run or operated
before the year should expire, the insurance should be null and
void. The premises were destroyed by fire on the 26th of April,
1851, of which notice was given, and the necessary proofs fur-
nished.

It was proved upon the trial, on the part of the defense, that
immediately after the making of the application, and several
times within a few weeks thereafter, a lathe was run by one Slo-
cum in a machine shop in the basement of the cotton factory,
wherein the insured property was situated. This fact was set
up in the answer as matter of defense. The plaintiff proved
that on the 1st day of April, 1851, the defendants had made an
assessment of $24 on the premium note given by the plaintiff
when he obtained the insurance, for general losses, and that, on

Viall *v.* The Genesee Mutual Insurance Company.

the 4th of July, and after the defendants had rejected the plaintiff's claim for indemnity, they collected and received this assessment, with knowledge of the matter of defense upon which they relied.

The referee reported that there was due to the plaintiff $3243, being the amount of the policy with interest, for which amount, with costs, judgment was perfected, and the defendants appealed.

*W. A. Beach,* for the plaintiff.

*A. B. Olin,* for the defendants.

*By the Court,* HARRIS, J.   The referee held that the defendants, when, with knowledge of the facts upon which they now rely as a defense, they collected and received the assessment upon the premium note, waived the forfeiture of the policy, if any had occurred, and affirmed the contract.   In this view I concur.   The premium note was a part of the contract.   If by reason of the use which had been made of the building in which the insured property was situated, the policy had become void, the note also was void.   The forfeiture, if any, occurred immediately after the insurance was effected.   And yet, on the 1st of April following, and just before the loss, the defendants, by an unequivocal act, declared the contract to be then in existence. I am inclined to think they are estopped from going behind this act, to insist that the contract was then void, even though they might have been ignorant of the circumstances which would have enabled them to avoid it.   They should be deemed to have elected, as they certainly might do, to consider it in force.

But however this may be, there can be no doubt, I think, that after they had, with knowledge of the facts, received the assessment, and thus again declared themselves entitled to enforce performance of the contract, on the part of the plaintiff, they were not at liberty, when called upon by the plaintiff to perform on their part, to insist that the contract had become void immediately after it was made.   They had long afterwards recognized its existence.   They had shown themselves willing to receive

the advantages which it tendered to them. They had taken its fruits, and must not now be relieved from its obligations. (*See Frost* v. *Saratoga Mutual Ins. Co.,* 5 *Denio,* 154.) Agreeing, as I do, with the referee in considering the forfeiture waived, if there ever was any, it becomes unnecessary to inquire whether the defendants ever were in a situation to declare the contract void. The judgment must be affirmed.

[ALBANY GENERAL TERM, February 6, 1854. *Wright, Harris* and *Watson,* Justices.]