TEUNIS DEY and RICHARD V. DEY, assignees of Gerard Dey and Richard V. Dey, *vs.* THE POUGHKEEPSIE MUTUAL INSURANCE COMPANY.

It is competent for the parties to a policy of insurance to make a valid agreement that an assignment of any interest of the assured, after a loss, shall avoid the policy.

Where a policy provided that in case of any assignment, transfer or termination of the interest of the assured, or of any claim under the policy, whether prior or subsequent to loss, without the written consent of the assurers, the policy should thenceforth be void and of no effect; *Held,* that a transfer of the interest of one of the parties assured, by means of a general assignment of his property, &c. to the other party assured and a third person, made without the consent of the assurers, was within the interdiction of the policy, and released the assurers from all liability thereon.

Insurers have a right to protect themselves against controversies with strangers, or persons other than those with whom they contract, by placing restrictions upon assignments of the policy.

THIS is an action upon a policy of insurance against fire, issued by the defendants to Gerard Dey and the plaintiff, Richard V. Dey, on the 15th day of October, 1853, by which the said Gerard and Richard V. Dey were insured in the amount of $1000 for one year, on certain personal property in a store situated in the village of Geneva, in the county of Ontario. The goods, together with the store in which they were situated, were destroyed by fire on the night of the 20th of November, 1853. The policy contained, among other things, a provision that if the same, or any interest therein, should be assigned, without the assent in writing, indorsed thereon, of the defendants, the said policy should thenceforth be null and void. It also contained an additional provision, in the following words : " The interest of the assured in this policy or any claim thereunder, against this company, is not assignable, unless by consent of said company manifested in writing ; and in case of any assignment, transfer or termination of the interest of the insured, or of any such claim either by sale or otherwise, whether prior or subsequent to any such loss or damage, without such consent, this policy shall from thenceforth be void and of no effect ; and any liability of said company upon such claim shall thenceforth cease."

The policy also contained a provision that it was made and accepted in reference to the classes of hazards and conditions thereto annexed, which were to be used and resorted to, in order to explain the rights and obligations of the parties thereto, in all cases not therein otherwise specially provided for. On the 17th day of March, 1854, Gerard Dey, one of the assured, made a general assignment to Teunis Dey and the said Richard V. Dey, by virtue of which this action was brought in the names of the said assignees of Gerard Dey. It did not appear that the defendants had ever consented, in writing or otherwise, to such assignment. The other facts in the case, so far as is necessary for the understanding of the views of the court, are referred to in the following opinion. The action was tried at the Ontario circuit, held in November, 1855, before Mr. Justice T. R. STRONG, when the plaintiffs obtained a verdict against the de-

Dey *v.* Poughkeepsie Mutual Ins. Co.

fendants for $950. A motion was now made by the defendants for a new trial.

*E. G. Lapham,* for the plaintiffs.

*L. Maison,* for the defendants.

*By the Court,* WELLES, J. After the evidence was closed at the trial, the defendants' counsel moved for a nonsuit upon five distinct grounds, the fifth of which was, that the assignment of the policy was not with the consent of the company. The policy, by its terms, being void if assigned without the consent of the company in writing; and such consent in writing being required, whether the assignment was made before or after a loss. The justice presiding held that each of the defendants' grounds for a nonsuit, excepting the fifth, embraced a question of fact for the jury; and as to the fifth ground, he deemed it most discreet to allow the jury to pass upon the questions of fact, and let the cause be examined at the general term, and refused to grant the motion for a nonsuit; to which the defendants excepted. After the justice had charged the jury, five questions were propounded, to be passed upon by them, to each of which, excepting the fourth, the jury responded favorably to the plaintiffs. The fourth was as follows : " Was the policy in this case, or any claim thereunder, assigned by Gerard Dey to Teunis and Richard V. Dey with the consent of the defendants, manifested in writing ?" To which the jury responded, " No."

The defendants' counsel now contends that the policy in question has become inoperative and void, and that all claim under it has been forfeited by the assignment of the interest of one of the assured to the plaintiffs. If he is right in this position, it will supersede the necessity of considering any of the numerous other questions raised upon the trial and discussed upon the argument.

The policy provides, that in case of any assignment, transfer or termination of the interest of the assured, or of any claim under the policy, either by sale or otherwise, whether prior or subsequent

to any loss or damage, without the written consent of the company, the policy shall thenceforth be void and of no effect ; and that any liability of the company upon such claim shall thenceforth cease. The assignment made by Gerard Dey, one of the assured, to Richard V. Dey, the other assured, and Teunis Dey, if it passed any interest of the assignor in the policy, or in his claim upon the company in consequence of the loss, was within the interdiction of the policy. If it did not, there is nothing to show why Teunis Dey is a party plaintiff, or why Gerard Dey is not such party. It is not necessary to consider the question, whether such interest of Gerard Dey did pass by the general assignment of the latter, because if it did not, it is clear that the action, by the present parties plaintiffs, cannot be sustained. For the purposes of the present question, I shall assume that the assignment did convey the interest of Gerard Dey in the policy and the claim upon the company in consequence of the loss of the goods insured, or rather, that it was so intended, and would have conveyed such interest, except for the inhibitions of the policy. If the question was upon the clause of the policy against an assignment, first stated, which avoids the policy in case of assignment without the written assent of the company, there would be no difficulty in the plaintiffs' way in this respect ; such provisions having been repeatedly held to apply only to assignments made before a loss and during the continuance of the risk. But the parties to this policy have expressly stipulated, by another and distinct provision, that such assignment, *whether before or after a loss*, shall render void the policy. There is no room, therefore, to doubt what the parties intended, which is always the thing to be sought after in the interpretation of a contract. That intention, when not contrary to law, must always govern. The question, then, is, was it competent for the parties to make a valid agreement that an assignment of any interest of the assured, after a loss, should avoid the policy ? In my opinion such an agreement is valid and lawful. I am unable to perceive that it would violate any rule of public policy, any more than the prohibition of an assignment before a loss, which is.

confessedly lawful and binding. There are doubtless some reasons in support of the latter, which would not apply to the former; but both must rest, for their validity, upon the same general considerations, which grow out of the views which the parties entertain in respect to what their interest or safety requires. Neither of the provisions referred to would probably be affected by an assignment *in invitum,* or by operation of law; but would be intended to mean voluntary assignments, in both cases.

It is contended on the part of the plaintiffs, that the assignment was not within the prohibition, because it was in trust for the benefit of creditors. This does not appear by the case; but assuming the assignment was of that character, it is not perceived how it would alter the case. The provision is against any assignment of any claim of the assured, &c. The object of the company undoubtedly was to protect themselves against controversies with strangers or persons other than those with whom they contracted. This they had a right, as I think, to do, and the court cannot make distinctions between different degrees of violations of the provisions of the policy, or measure their extent. If this assignment had simply been from one of the assured to the other, they being partners, it would not, for the reasons stated by ROOSEVELT, justice, in *Wilson* v. *The Genesee Mutual Insurance Company,* (16 *Barb.* 511,) have affected the policy. But as it is, the company are called upon to litigate with a party with whom they had not contracted, and which their policy protected them against. I think there should be a new trial, with costs to abide the event.

The other members of court concurring in the foregoing views, it was so ordered.

[MONROE GENERAL TERM, March 2, 1857. *T. R. Strong, Welles* and *Smith,* Justices.]