## CARROLL *vs.* THE CHARTER OAK INSURANCE COMPANY.

Where an insurance company accepts from the assured the premium for a renewal, and renews the insurance, it will be deemed to have declared the contract of insurance to be valid, and to have waived the forfeiture, if any has occurred by reason of the omission of the insured to give notice of other insurances and have them indorsed on the policy.

Under such circumstances, the company is precluded from asserting either that the renewal was inoperative, or that the policy became void immediately after it was renewed, by reason of circumstances of which it was fully cognizant at the time of renewal, on the principle of estoppel *in pais.* JOHNSON, P. J. dissented.

A policy of insurance invalidated by reason of a neglect to give notice of other insurances, may be revived and rendered binding by subsequent acts of the insurers, manifesting an intention to treat it as a valid and subsisting contract, notwithstanding, and with a full knowledge of, the forfeiture.

Notwithstanding an express provision in a policy that none of its conditions "can be waived, except in writing signed by the secretary," it is competent for the parties to rescind or modify that provision, by a valid agreement even in parol; and an *executed* agreement to renew a forfeited policy clearly will have that effect.

The only interest which passes by an assignment of a policy *after* a loss has occurred, and after the insurers have been served with notice thereof and with the preliminary proofs, is the claim or debt which the insured holds against the insurers for the amount of the loss.

Hence, such an assignment is not a breach of a condition in the policy that

Carroll *v.* Charter Oak Insurance Company.

the interest of the assured, in the policy, is not assignable unless by the written consent of the insurers; and that in case of any transfer or termination of such interest without such consent, the policy shall from thenceforth be void.

*It seems* that a provision, in a policy, prohibiting a transfer of the interest of the assured *after* loss, would be illegal and void.

THIS was an action brought upon a policy of insurance. The cause was tried at the Monroe circuit, before Justice JOHNSON and a jury. The plaintiff proved the incorporation of the defendant, and that it had power to insure against loss by fire, in this state. That on the 6th of November, 1858, it issued a policy of insurance to Burns & Hughes, by which it insured their stock of goods against loss by fire, for one year, in the sum of $1000. That on the 29th of November, 1858, Burns & Hughes sold the goods to Burns & Vance, and with the consent of the defendant assigned the policy to them. That on the 6th of December, 1858, Burns & Vance paid the defendant ten dollars, the premium for another year, and the defendant renewed the policy for another year. That on the 10th day of December, 1859, the insured property was destroyed by fire. That the value of the property destroyed was $6000 and upwards, and that due notice of the loss, and the preliminary proofs, were served. That after the service of such proofs, and on the 21st day of December, 1859, Burns & Vance assigned to the plaintiff such policy of insurance. It was also proved that after the issuing of the policy Burns & Vance procured four other policies of insurance, upon the same goods, of $1000 each, as follows: one, December 11, 1858; one, July 22, 1859; one, September 22, 1859; and one, September 28, 1859; none of which were mentioned in, or indorsed upon the policy in suit.

The plaintiff offered to show that notice of these policies was given to the agent of the defendant, at the time of the renewal of said policy. The defendant objected to this testimony, and the court excluded the same. Exception. The plaintiff further offered to prove that immediately after the fire,

the assured gave written notice to the defendant of the issuing of the other policies, and that the defendant ratified the act of the agent in renewing the policy in suit, by retaining the premium. The counsel for the defendant objected to this testimony, and the court excluded the same. Exception. The counsel for the plaintiff further offered to prove that, after the fire, and after notice of the issuing of the other policies, and after service of the preliminary proofs, the defendant proceeded to examine the assured on oath, in writing, under one of the provisions of its policy. The counsel for the defendant objected to this testimony, and the court excluded the same. Exception. The plaintiff also offered to prove that after such examination on oath, the defendant served notice in writing, on the assured, to produce their books and papers, under a provision of the policy. The defendant objected to this testimony, and the court excluded the same. Exception.

The policy in question contained the following provision : "And further provided, that in case the assured or any other persons or parties interested shall have already procured, or shall hereafter procure, any other policy of insurance, or instrument purporting to be a policy of insurance, against loss by fire, on the property or any part thereof hereby insured, (whether such instrument be valid or binding as a contract of insurance upon the parties thereto, or either of them, or not,) not notified to this corporation, and mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect. And that this policy is made and accepted upon and in reference to the application, plan, descriptions or survey filed in this office, and the terms and conditions hereunto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereunto in all cases not herein otherwise specially provided for, and this company will not be bound by any instrument, record or statement not referred to or contained in this policy, and no condition of the policy can be waived except in writing, signed by the secretary.

Carroll *v.* Charter Oak Insurance Company.

This insurance (the risk not being changed) may be continued for such further time as shall be agreed on, provided the premium therefor is paid and indorsed on this policy, or a receipt given for the same.

The interest of the assured in this policy is not assignable unless by consent of this company, manifested in writing; and in case of any transfer or termination of the interest of the insured, by sale or otherwise, without such consent, this policy shall from thenceforth be void and of no effect."

The following is one of the conditions annexed to the policy: "Policies of insurance subscribed by this company shall not be assigned, transferred or sold, either before or after loss, without the consent of the company expressed by indorsement thereon. In case of assignment, transfer or sale, without such consent, whether of the whole policy, or of any interest in it, the liability of the company shall then cease."

The plaintiff rested, and the defendant moved for a nonsuit, upon the grounds:

1. None of the above mentioned policies upon the insured property were mentioned in, or indorsed upon, the policy in suit.

2. The policy was assigned to the plaintiff without the consent of the defendant.

The court nonsuited the plaintiff, and his counsel excepted.

The court ordered the case to be heard in the first instance at the general term.

*J. C. Cochrane,* for the plaintiff. I. A contract of insurance may be made by parol. If it can, written provisions in a policy may be waived or changed, for a good consideration, by parol. If the parties had power to change the original contract, the evidence excluded was material. (*Phil. on Ins.* §§ 8, 10. *Ripley* v. *Ætna Ins. Co.,* 29 *Barb.* 552. *New York Central Ins. Co.,* v. *National Protection Ins. Co.,* 20 *Barb.* 468. *Pierrepont* v. *Barnard,* 2 *Seld.* 279.)

II. The defendant having accepted and retained the pre-

mium paid on renewal, with a full knowledge of all the facts, is estopped from setting up a forfeiture previously incurred. (2 *Am. Lead. Cas.* 625, *and cases there cited.*)

III. The assignment after the loss was not a forfeiture of the policy. *Courtney* v. *N. Y. Ins. Co.*, 28 *Barb.* 116. *Goit* v. *National Protection Ins. Co.*, 25 *id.* 189. 2 *Am. Lead. Cas.* 623.)

*W. F. Cogswell*, for the defendant. I. The evidence offered by the plaintiff, to obviate the objection to his right to recover, on account of other insurances not mentioned in, or indorsed upon, the policy, was properly excluded. *Lamatt* v. *The Hudson River Fire Ins. Co.*, 17 *N. Y. Rep.* 199. 7 *Cush.* 175. 11 *id.* 265. 6 *Gray*, 169. 16 *Peters*, 495. 21 *Missouri Rep.* 97.)

II. The plaintiff was properly nonsuited: 1st. Upon the ground of the other insurances not mentioned in, or indorsed upon, the policy. (*Cases above cited.*) 2d. On the ground that the assignment of the policy destroyed its validity, or at least transferred no right of action to the plaintiff. (*Dey* v. *Poughkeepsie Mutual Ins. Co.*, 23 *Barb.* 623.)

J. C. SMITH, J. The plaintiff offered to show that at the time when the agent of the defendants received the premium paid by the plaintiff's assignors for a renewal of their insurance, and in consideration thereof renewed the policy in suit for another year, he was notified of the policies issued by other companies which are now interposed as a defense. The authority of the agent to renew is not questioned. Indeed the case states that the policy was renewed by the defendants. It seems to me that the defendants having thus by an unequivocal act declared the contract of insurance to be then valid, notwithstanding the other insurances, and having thereby induced the plaintiff's assignor to pay the premium for a renewal, must be deemed to have waived the forfeiture, if any had occurred by reason of the omission of the insured

Carroll *v.* Charter Oak Insurance Company.

to give notice of the other insurances and have them indorsed on the policy. It certainly would be unjust to permit them now to assert either that the renewal was inoperative, or that the policy became void immediately after it was renewed, by reason of circumstances of which they were fully cognizant at the time of renewal; and assuming the truth of the offer, I think they are precluded from doing so, on the principle of estoppel *in pais.* (5 *Denio,* 154. 19 *Barb.* 440. 23 *Conn. Rep.* 244. 2 *American Lead. Cas.* 625. 1 *Phil. on. Insurance,* 586.)

No question is entertained but that the provision of the policy which requires that notice be given of other insurances, and that they be " mentioned in or indorsed upon" the policy, is valid, and that a breach of it renders the contract void. (*Gilbert* v. *The Phœnix Insurance Company,* 36 *Barb.* 372, *and cases cited on page* 377.)

But I understand the law to be that a policy of insurance thus invalidated may be revived and rendered binding by subsequent acts of the insurers, manifesting an intention to treat it as a valid and subsisting contract, notwithstanding, and with a full knowledge of the forfeiture, as is asserted by the editor of the *American Leading Cases.* " The weight of authority, in modern times, seems to support the just and reasonable proposition that every condition of avoidance or forfeiture should be construed as meant for the benefit or protection of the person in whose favor it is reserved, and as giving him the option of abrogating the contract, or of setting it up and insisting on its performance." (*Vol.* 2, *pp.* 624, 625, and cases there cited and commented upon. 25 *Barb.* 191, 2. 20 *id.* 474, 5.)

The defendants insist that their acts do not amount to a waiver, by reason of the express provision of the policy that none of its conditions " can be waived except in writing signed by the secretary." But it was competent for the parties to rescind or modify this provision, by a valid agreement even in parol ; and the *executed* agreement to renew the pol-

icy clearly had that effect. (7 *Cowen,* 48.   9 *id.* 115.)    The
parties having thus mutually agreed to depart from the pro-
visions of the policy, as to the manner in which a waiver of
the forfeiture in question should be manifested, the rights of
the insured under the new agreement should be protected,
especially after it has been completely executed on their part.
(2 *Seld.* 279.)

I am of the opinion that the offers of the plaintiff, so far
as they tended to show a waiver by the defendants of the
alleged forfeiture, with full knowledge of all the material cir-
cumstances, were improperly rejected.   If the views above
expressed are correct, the proof offered would have obviated
the first ground upon which the nonsuit was ordered.

The nonsuit was also placed on the further ground that
the policy was assigned to the plaintiff without the consent
of the defendants.·   The question involved in this ruling arises
upon the following clause in the policy :   " The interest of
the assured in this policy is not assignable, unless by consent
of this company manifested in writing ; and in case of any
transfer or termination of the interest of the insured, by sale
or otherwise, without such consent, this policy shall from
thenceforth be void and of no effect." ·   The language of the
case is that the " policy" was assigned to the plaintiff, but as
it also states, explicitly, that the assignment was *after* the
loss, and after the defendants had been ·served with notice of
the loss, and with the preliminary proofs, it is clear that the
only interest which passed by the assignment was the " claim"
or debt which the insured held against the defendants for the
amount of the loss.   It was not claimed at the trial that the
assignment did not carry the *debt.*   The only point taken was
that it was without the consent of the defendants.   The
assignment, therefore, was not a *breach* of the condition
expressed in the clause above cited.   The clause does not
prohibit the assignment of any " claim" of the insured
" after" loss.   In this respect the case differs materially from

that of *Dey* v. *The Poughkeepsie Mutual Insurance Company*, (23 *Barb.* 623.)

Even if the policy had contained a provision prohibiting a transfer of the interest of the insured *after* loss, it seems that, according to the weight of authority, the provision would have been illegal and void. (*Goit* v. *The National Protection Insurance Company*, 25 *Barb.* 189. *Courtney* v. *The New York City Insurance Company*, 28 *id.* 116. 2 *Am. Lead. Cas.* 623.) But it is not necessary to pass upon that question, as it does not arise in this case.

It follows from these views that there should be a new trial.

WELLES, J. concurred.

JOHNSON, P. J. dissented from that portion of the foregoing opinion which holds that the facts offered in evidence by the plaintiff were sufficient to preclude the defendants from setting up the forfeiture occasioned by the plaintiff's omission to give notice of other insurances.

New trial granted.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, James C. Smith* and *Welles*, Justices.]