CARROLL *vs.* THE CHARTER OAK INSURANCE COMPANY.

Where it appeared in an action upon a policy of insurance that the insurance company had been in the habit of furnishing their agent with blank policies and renewal receipts, signed by their president and secretary, to be filled up by such agent when issued; and that the particular receipt used in this instance, when so furnished to the agent, contained a statement that it was not valid unless countersigned by him; *Held* that the company could not question the general authority of the agent to renew policies.

An assignment of the assured's interest in the policy, executed after a loss occurred, carries, not the *policy,* but the *claim* or debt which the assignor has against the insurers, for the loss; and is not a breach of a condition in the policy which provides that the interest of the assured in the *policy* is not assignable unless by consent, &c.

A condition, annexed to a policy, which provides that policies shall not be assigned "either before or *after* a loss," by its terms relates to transfers of *policies* only, and contains no words which require or justify a construction applying it to transfers of claims for loss.

*Held,* in an action on a policy of insurance, that the judge was correct in charging the jury that if notice of other insurances was given to the agent of the insurers, either at the time of taking a renewal receipt, or the payment of the renewal premium, the plaintiff was entitled to recover; and in refusing to charge that if the jury should find that the notice, if any, was given after the renewal receipt was issued, although before the payment of the premium, still the policy was void.

A general agent for effecting insurances on behalf of a company has full power to insure, to renew, and to receive notice of other insurances; and his giving a renewal receipt, and subsequent acceptance of the premium, with notice of a breach in respect to other insurances, is as effectual a waiver of the breach as if the premium had been paid, and he had accepted it with notice, at the time when the renewal receipt was issued.

Carroll *v.* Charter Oak Insurance Company.

THIS was an action upon a policy of insurance. The cause was twice tried: on the first trial the judge nonsuited the plaintiff; the nonsuit was set aside and a new trial granted by the general term. (*See S. C.* 38 *Barb.* 402.) On the last trial at the April circuit, 1863, the plaintiff proved the issuing of the policy for $1000 to Burns and Hughes, November 6, 1858; the assignment of that policy with the consent of the defendant to Burns and Vance, November 29, 1858; the renewal for another year, November 6, 1859; a total loss by fire, December 10, 1859, and an assignment by Burns and Vance of their interest in the policy to the plaintiff, December 21, 1859. By a condition of the policy, the same was to be void, if the insured procured any other policies which were not notified to the defendant and indorsed on this policy. Burns and Hughes did, prior to the renewal, procure several other policies which were not notified to the company until the time of the renewal. Burns testified that at the time of paying the renewal premium, he notified the agent of defendant of the other policies. The agent testified that the premium was not paid until some days after the issuing of the renewal receipt, and that in the meantime he charged it in his private account to Burns and Vance, although he had no other private account with them, nor had they any notice that he did so charge it. By a provision of the policy it was to have no effect until the actual payment of the premium. The defendant objected to the parol evidence of notice; he also claimed that the assignment to the plaintiff, after loss, rendered the policy void.

The plaintiff having rested his case, the counsel for the defendant moved for a nonsuit on the following grounds:

1. That the existence of other policies of insurance on the property insured by the policy in question, which are not mentioned in or indorsed upon said policy, vitiated and made void the policy upon which the action is brought.

2. That the policy having been assigned without the consent of the defendant the same became void.

3. That the assignment of the policy to the plaintiff, without the consent of the defendant, transferred no right to the plaintiff.

The court denied the motion, and the counsel for the defendant excepted. The charge of the judge, to the jury, and his refusal to charge, were also made the subject of exceptions, noticed in the opinion of the court. The jury found a verdict in favor of the plaintiff for $1201.26. The court ordered a stay of proceedings, and ordered the motion for a new trial to be heard in the first instance at the general term.

*J. C. Cochrane,* for the plaintiff.

*W. F. Cogswell,* for the defendants.

*By the Court,* James C. Smith, J. The defendants insist that the evidence offered by the plaintiff to obviate the objection to his right to recover on account of the existence of the other insurances not mentioned in or indorsed upon the policy, was *improperly* admitted; and particularly, that it was inadmissible in view of the provisions in the policy that the company would not be bound by any statement not referred to or contained in the policy, and that no condition of the policy could be waived, except in writing signed by the secretary. The questions thus raised were discussed and decided when the case was before us on the former motion for a new trial, (38 *Barb.* 402,) and I am unable to perceive that the facts bearing upon them are materially changed. It is true that the printed case now before us does not state, as did the case on which the first motion was argued, that the policy was renewed by the *defendants;* but it shows that it was done by their agent, and I do not understand that the defendants question his general authority to renew. Even if they took that position they could hardly maintain it, in the face of the fact proved by themselves, that blank policies and renewal receipts, signed by their president and secretary, were furnished

Carroll *v.* Charter Oak Insurance Company.

by them to the agent, to be filled up by him. when issued, and of the further fact that the particular receipt used in this instance, when thus furnished to the agent, contained a statement that it was not valid unless countersigned by him. The rulings upon these objections to the evidence were in accordance with the views upon which we ordered a new trial, and the questions involved in them, must therefore be regarded by us as *res adjudicatœ.*

In respect to the validity and effect of the assignment executed by the assured to the plaintiff, we held that as the assignment was executed after the loss, it carried in fact, not the policy, but the claim or debt which the assignors had against the defendants for the loss, and that it was not a breach of the condition in the policy which provided that the interest of the insured in the *policy* was not assignable unless by consent, &c. The defendants claim, however, that this branch of the case is controlled, not by the clause above referred to, which is within the body of the policy, but by one of the printed conditions annexed to it, which provides that policies subscribed by the defendants shall not be assigned " either before or *after* a loss," without consent, &c. If we assume that this latter condition controls, notwithstanding the express stipulation of the parties that the conditions annexed to the policy are not to be resorted to in cases otherwise specially provided for in the policy itself, (a point, however, which need not be passed upon in disposing of the case, and which I do not intend to decide,) yet the case is not substantially altered, since the condition referred to, by its terms, relates to transfers of *policies* only, and it contains no words which require or justify a construction applying it to transfers of *claims for loss.* As it embraces the case of a policy continuing in force after a partial loss, this interpretation of its meaning gives effect to all its language. The condition in question, as well as that in the body of the policy before referred to, differs materially from the provisions of the policy in the case of *Dey* v. *The Poughkeepsie Mut. Ins. Company,*

(23 *Barb.* 623,) which prohibited in express terms an assignment of the interest of the assured in the policy, " *or any claim* thereunder." It seems to me, therefore, that there is nothing in the case as now presented to us calling for a modification of the views respecting this question, which were expressed by the court on deciding the first motion for a new trial.

The learned judge was correct in charging the jury that if notice was given to the agent either at the time of taking the renewal receipt, *or* the payment of the renewal premium, the plaintiff is entitled to recover; and in refusing to charge that if the jury should find that the notice, if any, was given after the renewal receipt was issued, although before the payment of the premium, still the policy was void. The insured, in paying the premium, dealt with the *defendants* through their agent, and not with the agent personally. He, being a general agent for effecting insurances on behalf of the company, had full power to insure, to renew, and to receive notice of other insurances, and for aught that appears, was authorized to receive the premium when he did; and his acceptance of it, with notice of the breach, was as effectual a waiver of the breach, as if the premium had been paid and he had accepted it with notice, at the time when the renewal receipt was issued.

I think there is nothing in the comment of the judge upon the testimony of the witness Burns calling for a new trial.

If my brethren concur in these views, the motion for a new trial should be denied.

Ordered accordingly.

[MONROE GENERAL TERM, June 1, 1863. *E. Darwin Smith, Johnson* and *J. C. Smith,* Justices.]