By the Court.—Curtis, J.
This is an action for the conversion of personal property, brought against the sheriff, his deputy and the indemnitors, on a levy under execution issued by the defendant, Douglas, against one William R. Ellis. The personal property consisted of ribbons and ruffles. The plaintiff claimed to be the owner of the former as manufacturer, and of the latter as purchaser, under a bill of sale, dated January 1, 1868. The defendants denied the seizure of a large part of the property, and, as to the remainder of it, justified under the executions and precept issued in the actions between Douglass and Ellis,, and averred property in Ellis. The judgments against Ellis were recovered January 23, 1868, and executions issued the same day.
There was a verdict for the defendantsand the plaintiff moved on a case and affidavits for a new trial on the merits, and on the ground of newly discovered evidence.
The plaintiff and Ellis occupied the" same room in Chambers-street, where these goods were exposed for sale, and the same buiidingin Thirty-third-street, where *526 they were manufactured. The plaintiff claimed to have purchased the rufflings of Ellis, taking a bill of sale of them about January 1, 1868, and that the consideration of the sale was about two thousand nine hundred dollars loaned on call by him to Ellis, October 2, 1866. Entries of this loan and sale did not appear in Ellis’s books. The plaintiff testified that he would not say the 'bill of sale was given the exact day it bears date. The plaintiff also testified that the ribbons sued for by him were not removed by the sheriff, but were left at the store in Chambers-street, and that he had seen the boxes containing them about two weeks previous to the trial.
The plaintiff, and other witnesses, testified that at the time the deputy went to the store in Chambers-street with the execution, the plaintiff pointed out the goods in suit to him, and told him not to levy on them as they were his property.
The defendants called Ellis’s clerk, and other wit-' nesses, who testified that the rufflings claimed by plaintiff to have been bought by Ellis were not removed from the place occupied by them prior to the alleged sale, and that Ellis continued selling them as usual.
The deputy sheriff, and other witnesses, testified that at the time of the levy the plaintiff pointed out to the deputy the goods levied on, and said those were the goods of Ellis.
There was conflicting evidence, also, in respect to whether the keeper took the keys of the store at night or Ellis’s clerk. Mr. Woodbury, the partner of Ellis, testified that he never heard of any sale to the plaintiff by Ellis, until the plaintiff told him of it three or four weeks before the trial, nor did he ever hear of the loan by plaintiff to Ellis of two thousand nine hundred dollars, and that in the month of January he was at the store perhaps every day. The plaintiff excepted to the questions eliciting the evidence.
*527 One of the controverted points in the case was whether the bill of sale was given before or after the levy, or when it bore date, and if it was fraudulent.
In cases of fraudulent transfer to avoid process, the papers are usually correct on their face, but the law goes beyond this, and allows testimony that is not clearly irrelevant, for the reason that it oftentimes occurs that the defrauded party can only establish Ms claim for redress by the proof of various circumstances, perhaps immaterial in themselves individually, but, when considered as a whole, proving the malafldes of the transaction (Castle v. Bullard, 33 How. U. S. 187; Phinney v. Holt, 50 Maine, 575-6.
Moulton, the landlord of the premises in Chambers-street, testified that there were ribbons there yet, and that two weeks previously, when he called on the plaintiff to see about collecting his account against Ellis, the plaintiff said the ribbons were his. The defendants excepted to his testifying that there were ribbons there, but this testimony was simply introductory to his contradiction of the plaintiff’s previous testimony, during the trial, that he had made no such statement to him. I see no force in this exception.
The court charged the jury that if they believed that the plaintiff pointed out the property to the deputy as belonging to Ellis, and made the declarations to the defendants as to ownership, as claimed by the defendant, it should operate as an estoppel upon him. To this the plaintiff excepted. It is clearly settled, that where a party by his words or acts designedly induces another to believe in the existence of a certain state of things, and to act on that belief, the party so inducing him is estopped from alleging or proving a different state of things from that which he has previously asserted. The existence of this rule of law is necessary for the prevention of fraud and wrongs, and' lies at the very basis of society (Frost v. Saratoga Mutual Ins. Co., 5 *528 Denio, 154; Dezell v. Odell, 3 Hill, 216; Pickard v. Sears, 6 Ad. & E. 469). The court was right in its charge to the jury in this respect. A public officer constantly has to rely upon the protection afforded him by this rule.
The plaintiff also excepts to that portion of the charge to the jury where the court instructs them that if the executions came to the hands of the sheriff before the sale by Ellis to Chapman, then they would hold the property.
The statute protects “ the title of any purchaser in good faith, of any goods or chattels acquired prior to the actual levy of an execution, without notice of such execution being issued ” (2 R. S. 366, § 17). A person to whom property is transferred by a judgment debtor in payment of a pre-existing debt, is, however, held to be not “a purchaser in good faith” (Ray v. Birdseye, 5 Denio, 619, 625). The property was sold to the plaintiff by Ellis in payment of an antecedent debt. He fails to protect his title by showing that he was a bona fide purchaser wtihin the meaning and intent of the statute, and the court correctly charged the jury on this point.
Neither do I think the plaintiff’s position, that the verdict was against evidence, and that a new trial should have been granted on motion, can be maintained.
The evidence was contradictory in some respects, but there is no apparent reason for disturbing the conclusions of the jury.
The motion for a new trial on the ground of newly discovered evidence, which it is claimed would show that the ribbons in question were detained by the deputy sheriff in Chambers street, when plaintiff’s car-man was removing Ms goods, and that the plaintiff did not know of the.fact until after the trial, was properly denied. The plaintiff testified that when he removed, he left the ribbons in Chambers street, and had seen *529 the boxes containing them about two weeks before the trial. Moulton, the landlord, testified they were there, and that within two weeks of the trial, plaintiff told him they belonged to him. The evidence claimed to be newly discovered, is of a character that affords no sufficient ground for granting a new trial (Burnett v. Phalen, 4 Bosw. 622).
For these reasons I am led to the conclusion that the judgment appealed from, and the order denying a motion for a new trial, should be affirmed.