Day, J.
The action was brought by the defendants in ■error, on a fire policy. In the court of common pleas they obtained a judgment against the insurance company. To reverse that judgment, the company took the ease, on error, to the district court, where the judgment was affirmed, and this petition in error is prosecuted to reverse the judgments of the courts below.
The only error assigned here is, that the district court ■erred in affirming the judgment of the common pleas. This briugs in review the errors assigned in the district court; they were as follows: 1. That the court of com-
mon pleas erred in overruling the demurrer of the company to the original petition; 2. That the facts set forth in that petition were not sufficient in law to maintain the action; 3: That the judgment of the common pleas ought to have been given for the company, and not for the defendants in error.
The demurrer to the petition was a general demurrer, therefore the first and second assignments of error raise precisely the same question, viz: Were the facts alleged in the petition sufficient in law to maintain the action ?
The petition is claimed to be defective in four particulars. 1. That the survey on which the policy was issued, was omitted in the copy of the policy which is made a part of the petition. 2. That it is not averred that the company had refused to rebuild or replace the property destroyed by fire. 3. That the averment of notice of the loss to the company, is insufficient to 'sustain the action. 4. That there is no averment of ownership of the property by the insured, either when the policy was issued, or at the time of the loss.
*560 1. The policy was copied in the petition, and showed' that it was made on a written survey or application, which was made a part of the policy. It is claimed that the application should also have been copied in the petition, accompanied with an averment of its truth, and the performance of all conditions precedent. It is averred in the petition that the insured performed all the conditions of the policy to be performed on their part. Nothing in the-terms of the policy requires the truth of the representations in the survey to be averred in the petition as a condition precedent to a right of action on the policy; but the-falsity of such representations, where they are such as invalidate the policy, may be set up byway of defense; a good cause of action on the policy may therefore be show n without setting forth the survey or application. Guardian M. L. Ins. Co. v. Hogan, 80 Ills. 35 ; Troy Fire Ins. Co. v. Carpenter, 4 Wis. 20; Herron v. Peoria M. & F. Ins. Co., 28 Ills. 235; Lounsbury v. Protection Ins. Co., 8 Conn. 459..
2. The company contracted by its policy to make the insured good, to the amount of $3,000, for any loss by fire-they might sustain on the insured property. But, by one-of the conditions annexed to the policy, it was provided that it should be at the option of the company to rebuild- or replace the property lost or damaged. The only breach alleged in the petition is the refusal of the company to pay the amount duly proved to be lost. It is claimed that the-petition is defective in not alleging that the company had refused to rebuild. This claim is not well founded, for this-provision was inserted for the benefit of the company, on its election so to do, to rebuild in lieu of paying the amount of the loss. It was merely an option to be exercised by the company, in the manner provided in the policy, within a reasonable time, on giving notice to the insured within thirty days after the proofs of loss are given to the company. At most, the exercise of this option could only create a condition subsequent, which might defeat a recovery of the amount stipulated in the policy to the insured. It was a mere privilege of the company, to be asserted by *561 it as a defense to such recovery. Howard F. & M. Ins. Co. v. Cornick, 24 Ill. 455.
3. As to tlie notice of the loss given by the insured to-the company, there is no question but that there is a sufficient averment of the making of the preliminary proofs’ of the loss, and transmitting them to the company, as required by the policy. But it is claimed that the provision-of the policy, that, in case of loss, the insured “ are forthwith to give notice thereof to the company,” was not complied with. It appears from the petition, that the notice of loss which accompanied the preliminary proofs was not given until more than a month after the fire. This notice ■was a condition precedent to the right of action, and, if not given before that which accompanied the preliminary proofs, might be fatal to a recovery on the policy. But the question on the demurrer is, not how the fact of notice stood, but was it sufficiently averred in the petition ? The giving of notice of the fire to the company, being a condition precedent to be performed by the insured, must be-averred; but, under section 121 of the original code, “ in pleading the performance of conditions precedent in a contract, it is sufficient to state that the party duly performed all the conditions on his part.” It is averred in the petition, that the insured “ performed all the conditions on their part to be performed.” This-was sufficient to answer the requirements of the code, and, under its provisions, to put the company upon their answer to controvert the fact.
4. The petition contains no direct averment that the insured were the owners of the property,' either when the policy was issued or at the time of the loss. The insured property is, however, described in the policy, which is a part of the petition, as “ their one-story stave factory,” and there is an averment that they had sustained a loss by the fire of $3,000. . The sufficiency of the petition, in this respect, may at least be doubted. But, in view of the state of the case, it is quite immaterial whether the petition, in this respect, be regarded as sufficient or not; for, if it be *562 insufficient, the defect was cured by the subsequent pleadings and proceedings in the case.
After the demurrer was overruled, the company answered the petition as if the ownership of the property by the insured was stated with sufficient clearness therein, and specifically denied that the defendants in error owned the lost property when the policy was issued, or at the time of its loss, and denied that they had lost any thing bjr the fire; and the issues thus made were tried upon the evidence.
Furthermore, the company answered denying the execution of the policy by the company; the payment of the premium therein mentioned; and that the insured had performed all the conditions of the policy to be performed on their part; and set up thirteen separate defenses, in which, and in the several replies thereto, all the matters in which the petition is alleged to be defective, except that relating to the option of the company to re-build, were fully set up; so that the defects in the petition, if any there be, were supplied by avermeuts in the answer and reply ; and, upon proper issues made thereby, were fully tried upon the evidence; therefore, the alleged defects of the petition worked no prejudice to the rights of the company. The •case could not have been more fully Hied on its merits, upon any form of the pleadings, than it was, as shown by the record, upon the issues as they were made in the case. The judgment, then, can not be reversed on account of any possible defect of the petition. Davis v. Hines, 6 Ohio St. 743; Dayton Insurance Company v. Kelly, 24 Ohio St. 345.
5. The only remaining error assigned in the district court was, that the judgment of the common pleas was rendered for the wrong party. It was said in Levi v. Daniels, 22 ■Ohio St. 38, that, strictly upon this assignment, it can only be inquired whether the judgment was warranted by the ■findings upon the issues of fact. The case was tried to the •court, and all the issues were found for the plaintiffs below. Upon this finding, the judgment was unquestionably given .for the right party. Nor is this denied; but the correctness of the finding is questioned. To determine that, re *563 -quires a review of tlie findings of fact upon the evidence. This can be done only upon exceptions taken to the overruling of a motion for a new trial, on the ground that the finding was not sustained by the evidence. This motion was made, and overruled; thereupon, the proper bill of exceptions was taken, embodying all the evidence. But the ■overruling of this motion was not assigned'for error in the ■district court; nor was that court necessarily required to review the overruling of the motion, under the general .assignment of error, that the judgment was for the wrong party; for, although it might do so, it is well settled that a reviewing court is not bound to review any part of the record which is not specifically designated and complained ■of as erroneous. Adams v. The State, 25 Ohio St. 584; Levi v. Daniels, 22 Ohio St. 38; Davis v. Hine, 6 Ohio St. 473.
If, then, the review of the finding of the common pleas • on the evidence, as presented by the overruling of the motion for a new trial, was merely á matter within the dis- ■ cretion of the district court, it may be that court affirmed the common pleas without such review; and since that might properly be done, it can not be affirmed that the district court erred in not reversing the judgment, for error ■of the common pleas in overruling the motion for a new trial. Moreover, it is a well settled rule of the Supreme Court, not to consider errors which have not been assigned in the district court; for, otherwise, the rule that the party ■complaining must first go to the district court upon errors within its jurisdiction, would be practically dispensed with. Davis v. Hines, 6 Ohio St. 478.
Although it is undoubtedly correct, as a general rule, that the assignment of error, that the judgment was ren•dered for the wrong party, strictly, brings in question only the propriety of the judgment rendered on the facts found by the court or jury; still where, as in this case, all the evidence is properly brought upon the record, it must be subject to the qualification, that an examination of the ■evidence is required, to see if it tends to support the find *564 ing; for, if it does not, a judgment, rendered in accordance-with such finding, may manifestly be for the wrong party, and always must be erroneous, unless sustained on some ground independent of the findings of fact. Although the-correctness of the finding of facts upon the evidence may not be brought in review under the general assignment of error, still, as held in Turner v. Turner, 17 Ohio St. 449, what the evidence tends to prove is a matter of law; and,, where the evidence is all spread upon the record, a judgment can not be maintained under this assignment, if there is no evidence tending to prove the facts necessary to sustain it.
6. The case was submitted to the court, and fully tried upon the evidence, which was admitted without objection by either party. Without reciting the evidence, which is voluminous, it is sufficient to say, that it clearly tended to-sustain the finding of the court, on the issues of fact, in favor of the insured. Indeed, it fully warranted the court in so finding, if the company was, in law, estopped from denying the authority of its agent to issue the policy on which the suit was brought, and from alleging the falsity of the application on which the policy was issued.
- The evidence tended to prove that the agent who took the application and issued the policy, was a general agent of the company; that the policy, with others, was signed by the proper officers of the company, and sent to the agent in blank, to be filled up, countersigned, and issued by him. at his discretion; that, upon a full and truthful-statement of all the facts by the insured, the agent filled up the application himself, in his own language; that it was signed, and the premium paid by the insured, under the belief, as they were instructed by the agent, that it was alL right, aud that the property was insured; that the agent' personally knew all about the insured premises; that the insured acted under the direction of the agent, who was acting within the general scope of his authority; and that the insured had no knowledge of any limitation or want *565 ■of authority, in fact, on the part of the agent to issue the policy.
The case is not one of an agent of a mutual insurance company, nor of an agent with authority merely to receive and forward applications to the company; but the agent held out by the company as its general agent, and intrusted with policies, executed in blank, to be filled up, ■countersigned, and delivered by him. It is true the agent was not authorized, in fact, to issue policies of the class issued in this case, without the approval of the company, but the evidence tends to prove that this was concealed from the insured by the agent, and was uukiiown by them.
The evidence tends to show that whatever fault .there was in the transaction, was wholly that of the agent, not of the insured; but of the company, and that the insured in good faith honestly performed all things by them to be ■done, to effect a valid insurance. If, then, either party must suffer from the mistake or fault of the agent, it must be the party whose agent he was; for “ an agent acting within the general scope of his authority binds his principal, notwithstanding he may have departed from his instructions, provided the party with whom he contracts had no knowledge of these instructions.” Flanders on Fire Ins., 174, 190.
It is an undoubted principle, that whoever for the purpose of deriving a benefit in a transaction, by his acts or declarations induces another, who relies thereon, to change his position, is precluded from defeating the transaction, by repudiating such acts or declarations; for the law enforces the rule of good morals as a rule of policy, and estops a party from denying what can not be denied without a breach of good faith. Beardsley v. Foot, 14 Ohio St. 414; Douglass v. Scott, 5 Ohio, 197. Accordingly, the current of the more modern decisions, is, that, where an agent of an insurance company, acting within the general scope of the business intrusted to him as such agent, fills up, in his own language, a written application for insurance, from ;the statements of the insured, fully and truthfully made, *566 receives the premium and issues a policy, duly executed by the insurer, on such application, the company shall not be-permitted, when a loss happens, to defeat the policy by denying the truth of the application, nor the authority of the agent in the transaction, although he has transcended: his authority, unless the insured is chargeable with knowledge of his having exceeded his authority.
An adherence to this role, whenever consistent with the-facts and rules of law on which it is based, will prevent frauds against which, in many cases, no ordinary vigilance-could guard. Ætna Insurance Co. v. Maguire, 51 Ill. 342; Malleable Iron Works v. Phœnix Insurance Co., 25 Conn.. 465 ; Lightbody v. North American Insurance Co., 23 Wend 18; Insurance Co. v. Wilkinson, 13 Wall. 222; Massachusetts Life Insurance Co. v. Eshelman, 30 Ohio St. 647 ;: Plumb v. Cattaraugus Insurance Co., 18 N. Y. 392; Rowley v. Empire Insurance Co., 36 N. Y, 550; Combs v. Hannibal Sav. Insurance Co., 43 Mo. 148; Westchester Fire Insurance Co. v. Earle, 33 Mich. 143; Franklin v. Atlantic Fire Insurance Co., 42 Mo. 457; Woodbury Sav. Bank v. Charter Oak Insurance Co., 31 Conn. 517; Com. Insurance Co. v. Ives, 56 Ill. 402; Carroll v. Charter Oak Insurance Co., 40 Barb. 292 ; Pechner v. Phœnix Insurance Co., 65 N. Y. 195;, Gloucester Man. Co. v. Howard Fire Insurance Co., 5 Gray,. 497; Ayres v. Home Insurance Co., 21 Iowa, 185 ; Bartholomew v. Mer. Insurance Co., 25 Iowa, 507; Hingston v. Ætna Insurance Co., 42 Iowa, 46 ; Beal v. Park Fire Insurance Co., 16 Wis. 241; Mentz v. Lancaster Fire Insurance Co., 79 Penn. St. 475.
We can not say, upon the record as it comes before us, but that the court of common pleas was justified in holding that the case falls within the rule, and that therefore the proper judgment was rendered. It results, then, that the-judgment of the district court must be affirmed.

Judgment affirmed.