By the Court. Bosworth, J.
In King v. Jones (2 Lord Raym. 1525), it was said, that if an action against a fime covert be prosecuted against her alone to judgment, it is error, for which it may be reversed on writ of error brought by the husband. In Milner et al. v. Milnes et al. (3 Term B. 627), the Court of King’s Bench assented to the correctness of this position.
But it is said that, unless he brings error, the judgment will stand good, for the wife alone cannot bring error (Bro. Abr. Tit. Error, fol. 173, and Tit. Joinder in Action, fol. 88).
Such a case was expressly provided for by the Revised Statutes (2 R. S. 592, § 5).
It is undoubtedly true, that a fime covert cannot regularly be sued as a fime sole: her contracts made during coverture create no personal obligation on which a judgment inpersonam can be recovered against her (Hookham v. Chambers, 3 Bro. and Bing. 92; Marshall v. Rutton, 8 T. R. 546; 2 Kent’s Com. 161).
Although this be so, the question is still left, in what way is the nonjoinder of the husband to be made available to the wife, and what are the legal consequences of her suffering judgment to be taken against her by default ?
It has been held, that the coverture cannot be pleaded in bar of the action, but only in abatement of it (Milner v. Milnes, 3 T. R. 627). That this plea can only be pleaded by her in person (2 Sand. 209, a.; Graham’s Pr. 229, 2d edit).
That if the fact of coverture be doubtful, the court will not relieve her on motion, summarily, but will leave her to her plea of coverture, in the ordinary course of proceeding (Partridge v. Clarke, 5 T. R. 194).
It has also been held, that where a married woman has been sued and arrested as a fime sole, the court will not, as a matter of course, discharge her, on motion, on filing common bail, if she obtained the credit pretending she was a single woman, or is sued as an acceptor of a bill of exchange (Pearson *681 v. Meadon, W. Bl. R. 904; Partridge v. Clarke, supra: Richardson v. Cowlan, 2 Marsh. 40; Jones v. Lewis, 7 Taunt. 55).
The principle of these decisions covers the merits of this motion, so far as it is to he treated as one addressed merely to the discretion of the court.
It appearing, in answer to the motion, that a fraud has been committed in procuring the credit, that the defendant is sued as the maker of a note, the court is not bound to interfere, as a matter of course, in a summary way, to give relief.
The Code has enacted nothing substantially new, by providing that in an action against a married woman, to charge her in personam, her husband shall also be a party defendant (Code, § 114 ; 2 R. S. 597, § 5; Morse v. Earle & Jackson, 13 Wend. 271).
The Code provides (§ 144), that the defendant may demur to the complaint, when it shall appear on the face thereof, that there is a defect of parties plaintiff or defendant; that if such matter does not appear on the face of the complaint, the objection may be taken by answer (§ 147); and that, if such objection be taken neither by demurrer nor answer, the defendant shall be deemed to have waived the same (§ 148).
The published abstract of the decisions made by the Court of Appeals, in October, 1853, represents that court to have decided, in Hastings v. McKinley & Thomas, that “ where an action concerning her separate property is commenced by a married woman in her own name only, if no objection on that account was taken, by answer or demurrer, such objection is waived.”
If that rule is equally applicable to a ftme covert defendant, then the mere objection of the non-joinder of the husband is waived, by omitting to take it by answer.
The only objection that would remain, relates to the merits of the action.
If, as is contended by the defendant’s counsel, the judgment is void, she needs no aid from the court. In an action of trespass for taking her property, the plaintiffs cannot protect themselves by the judgment and execution issued thereon, if tire judgment is void.
*682 If not void, but merely erroneous, and the error is one which entitles the defendant to have the judgment reversed, as a matter of strict legal right, then she will have a perfect remedy by appealing from the judgment.
The defendant’s counsel supposes, that no appeal can be had from a judgment entered by default, and therefore insists that it is the duty of the court to relieve her upon motion. The case does not require the decision of the question, whether an appeal will lie in such a case. The only substantial question presented by this appeal, is simply this: Is such a defendant, on such a state of facts, entitled to relief, on motion, as a matter of strict legal right 1
In addition to the cases cited, in which the court refused, under similar circumstances, to discharge a married woman from arrest, on filing common bail, Mores v. Richardson (8 Barn, and Cres. 421) is an authority for the position, that, after judgment by default against a married woman, and her arrest upon ca. sm, the court will not discharge her from custody, as a matter of course, on motion, notwithstanding the fact of her coverture may be incontestable.
In that case, which was decided in 1828, such a motion was denied, and she was left to her remedy by writ of error.
In Bignon v. Jones (15 Mes. and Wels. 566), after a judgment had passed against husband and wife, and her body had been taken in execution, the court refused to discharge her from custody, for the reason that she did not swear that she had no separate estate. The reason of discharging a married woman from custody in such cases, is said to be, that her imprisonment will not be continued as a means of coercing payment, inasmuch as, in judgment of law, she is incapable of acquiring property.
But if she has dealt as a feme sole, and has obtained credit on the representation of her being a single woman, it is equitable that she should apply her property to pay debts which were contracted under such circumstances. As the justice of the plaintiffs’ claim is not controverted, as the most they can effect with their execution is to reach sufficient of her separate property to pay the judgment, they will not acquire any inequitable advantage, and she will not be deorived of any *683 equitable right, if the judgment and execution are allowed to stand. If, as her counsel seems to suppose, an appeal from the judgment will not lie, the only consequence will be, that the plaintiffs will obtain what in equity they are entitled to, if they have levied on sufficient property to satisfy the judgment.
We are of the opinion, that the defendant is not entitled to the relief sought, upon a summary application to the discretion of the court. There are no equitable considerations requiring its interference.
The order appealed from must be affirmed, with costs ; and the defendant must be left to obtain such strictly legal relief as she may be entitled to, by such ordinary proceedings as she may be advised.