GERHART VALTON *et al. v.* THE NATIONAL FUND LIFE ASSURANCE COMPANY.

To render available an exception to the admission of a deposition on the ground that the witness has not answered one of several questions included in a single interrogatory, the particular question alleged to be unanswered must be specifically pointed out.

A policy of insurance is avoided by a fraudulent representation in respect to a fact not material to the risk, if in the judgment of the insurer it be material in respect to his inducements to undertake the risk.

One who has obtained a valid insurance upon his own life may dispose of it as he sees fit, and it is immaterial that the assignee has no interest in the life.

APPEAL from the Supreme Court. Action upon a policy on the life of Conrad Schumacher for the sum of $10,000, dated May 15, 1850, issued to Schumacher. The claim of the plaintiffs to the sum insured was this: On the 30th May, 1850, Valton, Daniel Martin (who had assigned to the other plaintiff), and Schumacher, entered into articles of partnership for the purpose of carrying on a wholesale business in foreign and domestic liquors in the city of Albany. The capital stock was

Valton *v.* The National Fund Life Assurance Company.

to be contributed by Valton and Martin. Schumacher was to transact all the outside business of the copartnership, and whenever requested by his partners, or the business should require, to make all necessary journeys at the expense of the firm. The articles referred to the policy of insurance, and provided that in case of the death of Schumacher during the continuance of the copartnership, unmarried, then the policy and money secured thereby should become the absolute pro· perty of Valton and Martin.

On the trial at the Albany Circuit before Mr. Justice WRIGHT, the plaintiffs proved the policy, and a receipt indorsed thereon by the defendant acknowledging the payment by Schumacher, August 23, 1850, of $68.15 premium for the quarter then to ensue. For the purpose of proving the death of Schumacher in September, 1850 they introduced and read in evidence the deposition of one Frederic Oltman, taken under a commis sion. The defendant took an exception to it, the grounds of which are stated in the following opinion, as are also the ground of its exceptions to the judge's refusal to dismiss the complaint and to his charge and refusals to charge.

In the written application for the policy, Schumacher was represented as a merchant. The negotiation with one Lacy, the agent of the defendant, for the insurance, was commenced by Martin in the month of April, 1850. He represented that the life to be insured was that of his partner or a friend of his partner. On the 14th or 15th May, he procured from Lacy the proper papers to go before the medical examiner of the company, and upon returning with them properly filled up gave the names of himself and Valton as the only persons who could be the private referees of the assured for the purpose of answering the interrogatories propounded according to the rules of the company. Shortly after he brought Schumacher to Lacy, who then, for the first time, learned that Schumacher was the person to be insured. Lacy expressed surprise that so large an insurance should be wanted upon the life of a person having the appearance of Schumacher, and stated to Martin that he had seen Schumacher sweeping the street with

a green apron on in front of the store occupied by Martin and Valton, and had supposed him to be their porter. He stated that he would not take so large a risk on Schumacher's life if he was only their porter. Martin replied, "Oh, it is his way; he is my partner, he likes to work." On Lacy's reiterating his disinclination to take the risk, and that he did not like the look of the thing, Martin said, "Oh, it is all right; he is the moneyed man of the concern."

The first premium on taking out the policy was handed to Lacy by Martin, as was also the subsequent one in August, which was receipted as having been paid by Schumacher.

The plaintiffs had a verdict and judgment, which having been affirmed at general term in the. third district, the defendant appealed to this court.

*Henry Nicholl*, for the appellant.

*John K. Porter*, for the respondents.

GROVER, J.  The objection of the defendants' counsel to the introduction of the deposition of Frederick Oltman was properly overruled.  The ground of objection stated was that the first and ninth cross-interrogatories were answered only in part.  These interrogatories each contained a large number of questions, and there was an answer given to each of the interrogatories, although some questions contained in each were not answered.  The objection was too general.  The counsel should, under such circumstances, call the attention of the judge to the particular question unanswered, and make his exception equally specific.  It is not the duty of a judge upon the trial of an issue to examine an interrogatory containing a great number of questions for the purpose of learning every question embraced in it, and then examine the answer to the interrogatory to ascertain whether each question is fully answered.  As well might a general objection be taken to a deposition upon the ground that all the interrogatories were not answered, without specifying any one.  There were in

the first and ninth cross-interrogatories in this case as many questions as will be found in the interrogatories attached to many commissions. Issues of fact could not be tried with dispatch were such general objections available. When an interrogatory contains general questions it is no hardship to specify the particular question unanswered; thus at once directing the attention of the judge to the point. He can then readily dispose of it.

The exceptions of the defendant to the testimony of Hadly as to the conversations between Valton, Martin and Schumacher at the time of giving instructions to prepare the articles of copartnership cannot be examined here. No ground for the exceptions is stated. The rule is settled beyond discussion, that a general objection will be disregarded. The same remark applies to the exception to the introduction of the letter from Schumacher to Martin.

The defendants offer to prove by Lacy what Oltman said in the presence of Martin about the death of Schumacher was properly overruled. The object of the proof was not stated. It was admissible only for the purpose of impeaching Oltman by showing a statement contradicting his testimony. To render it competent for this purpose the attention of Oltman should have been directly called to the conversation, and to the time and place of its occurrence, or such other circumstances attending it as would identify the conversation and be likely to recall it to the recollection of the witness, and then he should have been asked directly whether he made the statement sought to be proved. This was not done; consequently the defendants had no right to prove Oltman's statement.

The defendants' motion to dismiss the complaint was properly denied. The grounds of the motion were that the articles of copartnership did not amount to an assignment of the policy to Valton and Martin; and that the policy, so far as the assignees were concerned, was a wager policy and void by statute, the plaintiffs showing no claim or debt against the deceased. By the articles of copartnership it was provided that in case of the death of Schumacher during its continu-

ance, unmarried, then the said policy of insurance, and all benefit and advantage therefrom, and the money secured to be paid thereby, should become and be the absolute property of the said Gerhart Valton and Daniel Martin. This, in the happening of the contingency, vested the title to the policy absolutely in Valton and Martin as against the defendants, and under the Code authorized them to sue for the money payable thereon in their own names. The answer did not set up the defence that the policy was made in contravention of the statute against betting and gaming. This would be a sufficient answer to the last ground upon which the motion was based. There was nothing in the evidence authorizing the judge to hold that the policy was made in violation of the statute, had the answer interposed that defence.

The judge, among other things, charged the jury that if the insured untruly represented that he was a partner of the firm of Valton, Martin & Co., or that if he untruly represented that he was the moneyed man of the firm, and either or both of such untrue representations were material to the risk, then the policy was avoided and there could be no recovery. That if Schumacher was dead in September, 1850, and his occupation that of a merchant at the time the proposals were signed, and the representations of his being a partner or the moneyed man of the firm were either not untrue or not material to the risk, then the action was *prima facie* sustained. The defendants' counsel requested the court to charge the jury that if Schumacher himself, or by Martin in his behalf, represented to the agent of the defendants that Schumacher was a partner of the firm of Martin, Valton & Co., when in fact at that time he was not such partner, and if the defendants would not have issued the policy if the representation had not been made, then the policy was void and the plaintiffs could not recover. The judge declined so to charge, and the defendants' counsel excepted. The defendants' counsel also requested the judge to charge the jury that if they found that Schumacher himself, or by Martin in his behalf, represented to the agent of the defendants that Schumacher was the moneyed man of the con-

cern of Valton, Martin & Co., when in fact at that time he was not such, and that the defendants would not have issued the policy if the representations had not been made, then the policy is void and the plaintiffs cannot recover. The judge refused so to charge, and the defendants' counsel excepted. The charge of the judge was correct as far as given. If the representations were made and false, the falsity must have been known to Schumacher and Martin. The facts were within their knowledge, and the representations fraudulent. The requests to charge, considered in connection with the charge given, present the question whether fraudulent representations made by the assured to the insurer upon his application for a policy, though not material to the risk, yet material in the judgment of the insurer, and which induced him to take the risk, will avoid the policy. This question has not been determined by any adjudged case in this State, so far as I have been able to discover. The elementary writers hold that the policy may be avoided. (1 *Arnould on Ins.*, § 189; 2 *Duer*, 681, 682, 683; 3 *Kent*, 282.) In *Sibbald* v. *Hill* (2 *Dow's Parl. R.*, 263), it was held that when the assured fraudulently represented to the underwriter that a prior insurance by another underwriter upon the same risk had been made at a less premium than it was in fact made, the policy was vitiated. In this case it is obvious that the risk itself was not affected by the representations. Lord ELDON in his opinion says, that it appeared to him set tled law that if a person meaning to effect an insurance, exhibited a policy underwritten by a person of skill and judgment, knowing that this would weigh with the other party and disarm the ordinary prudence exercised in the common transactions of life, and it turned out that this person had not in fact underwritten the policy, or had done so under such terms that he came under no obligation to pay, it appeared to him to be settled law that this would vitiate the policy. The courts in this country would say that this was a fraud; not on the ground that the misrepresentation affected the nature of the risk, but because it induced a confidence without which the party would not have acted. The principle of this case, when applied to

the one under consideration, shows that the judge committed an error in refusing to charge as requested. It is clear that the circumstance of a party being engaged in commercial business, possessed of large means, might induce an insurer to make an insurance upon his life for a large amount, while were he a mere porter the risk would be rejected, although the chance of life would be as good in the latter situation as the former.

Although the judgment must be reversed for this error, yet as there will probably be another trial it is proper to add a few words upon another question presented by the case. The defendants' counsel requested the court to charge the jury that if Martin and Valton, or either of them, procured or paid for this policy for their or either of their benefit, though with the assent of Schumacher, then the policy was void, being a wager policy. The judge refused so to charge, and the defendants excepted. It is unnecessary to determine whether previous to the statute making void all wagers, bets, &c. (1 *R. S.*, 662), an insurance effected by a party upon the life of a person in which he had no interest, was valid. Since the statute, such contract would clearly be void. Upon the trial there was no proof but that Schumacher obtained the policy for his own benefit. If he so obtained it he had the right to dispose of it as he saw fit, and it would be no defence against his assignees that they had no interest in his life.

The judgment should be reversed, and a new trial ordered.

Selden and Allen, Js., took no part in the decision; all the other judges concurring,

Judgment reversed, and new trial ordered.