Day *v.* Conway Insurance Company.

---

RALPH DAY *versus* CONWAY INSURANCE COMPANY.

Where one of the conditions of insurance—which is made part of the policy—is, that "a false description or the omitting to make known any fact or feature in the risk which increases the hazard" shall render the policy void; and the application—also made a part of the policy—describes the building insured to be a "wooden four story paper mill, 60 x 70 feet from above basement, ten feet between floors, and ceiled with wood," and not only makes no mention of a brick "bleach house" 20 x 30 feet, which is separated from the paper mill by a wooden shed-roofed building, known as a "salt box," 24 x 18 feet and 14 feet high, one end of which is formed by the paper mill and the other by the "bleach house, but, on the contrary, in answer to a written question, the application declares there is no building within 300 feet of the mill, except the "stock house"—which is other than the "bleach house" or "salt box:"—*Held,* that whether the "bleach house" and "salt box" are a part of the paper mill or not, the warranty on the part of the.insured is broken.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding. The facts sufficiently appear in the opinion of the Court.

*E. H. Daveis,* for the defendants.

*John Rand,* for the plaintiff.

The opinion of the Court was drawn by

APPLETON, C. J.—The plaintiff effected an insurance on "his wooden four story paper mill." The insurance was

Day *v.* Conway Insurance Company.

predicated upon the answer of the applicant to certain inquiries — which, by the terms of the policy, are made a part thereof, and a "warranty on the part of the assured."

The main building is described in the answer to the fifth question as made of wood — sixty or seventy feet from above basement — ten feet between floors and ceiled with wood.

It appeared in evidence that there was a bleach house, adjoining the mill insured, built of brick, which was not called a part of the mill. The bleach house was built separate and connected with the main building by a shed-roofed building called the salt box. ' The bleach house made one wall of it, the mill the other end of it. These had been erected before the application for insurance was made. The bleach house and salt box have been insured by another company.

The conditions of insurance are made a part of the policy. By the fourth, "a false description by the insured," or "the omitting to make known any fact or feature in the risk which increases the hazard of the same," renders the policy void.

In answer to inquiries proposed, the applicant stated that no building was within three hundred feet, except the stock house, which was an one story building of wood.

It will be perceived that no mention whatever is made of the bleach house or salt box in the application, nor in any answer to the questions proposed.

Beside other instructions, the correctness of which it is not material to discuss, the jury were instructed "that it was for them to decide whether the bleach house and salt box were a *part* of the mill, and, *if so*, that their vicinity to the main building did not affect the contract, and was not inconsistent with the answers to the fifth, twenty-seventh and under the twenty-eighth inquiries in the application."

The risk assumed depended on the building insured, and the purposes for which it was used, and on the number and nearness of the adjacent buildings, and the uses to which they were applied. As to all these things the defendants

had a right to true answers, and the applicant warranted their truth.

The bleach house and salt box were either part of the mill or they were not.

If part of the mill, as the jury found they were, then the description of the building insured is materially incorrect in omitting to describe them as part thereof, and the policy by the fourth condition is rendered void.

In *Chase* v. *Hamilton Ins. Co.*, 20 N. Y., 32, the application for insurance described the subject of the risk as a stone dwellinghouse, without disclosing the fact that a wooden kitchen was attached thereto; it was held, that the word "dwellinghouse" is to be construed as including the kitchen, and the application cannot be deemed one for the insurance only of so much of the building as was of stone. "Although it may be hard upon the plaintiff," observes GROVER, J., "thus to lose the benefit of the contract, it would be harder still to hold the defendant bound to insure a dwellinghouse composed in part of wood and stone, because it had been proposed to insure a stone dwellinghouse." So here, if the bleach house and salt box are part of the mill, then there is a material variance in the description of the property insured.

If not a part of the mill, then the application is false in stating that there were *no* buildings within three hundred feet, when the bleach house and salt box were within that distance. That they were not a part of the mill would seem fairly inferrible from the fact that they were both insured elsewhere, for parties would be little likely to insure different parts of the same building in different offices.

In either alternative, there was a breach of warranty on the part of the assured.        *Exceptions sustained.*

CUTTING, DAVIS, KENT and WALTON, JJ., concurred.