By the Court.
Miller, J.
Upon the trial of this action *319 at the circuit, the plaintiff, for the purpose of obviating the objection made to his right to recover on account of the existence of other insurance not mentioned in or indorsed upon the policy, introduced testimony to show that when the agent of the defendant received the permission for the renewal of the policy issued to the plaintiff, he was notified of the existence of other policies of insurance upon the property. The evidence was objected to, and received; and its introduction involves the question whether the defendant, by means of its agent, and by giving a renewal receipt for the money, waived the condition in the policy requiring an indorsement of any new insurance upon it, and the provision therein that no condition could be waived, except in writing, signed by the secretary of the company.
There was evidence upon the trial to show that the agent was notified, and had full knowledge of the existence of the other policies. He had an undoubted right to receive the money and renew the policy; and if the defendant accepted the money with full knowledge'-'of all the facts, which I think must be assumed, then the forfeiture was waived which the omission to comply with the provision contained in the policy had occasioned.
It is too well settled to admit of serious question, that a party may waive the benefit of any condition or provision made for his benefit. This relates to contracts, to statutes, and even to a constitutional provision. It has been held by repeated adjudications in this State, that forfeitures of all kinds may be waived, and there are numerous authorities which uphold this doctrine. It may be well to refer to some of the cases which' bear particularly upon the question before us. In Viall v. Genesee Mutual Ins. Co., 19 Barb. 440, it was decided that where an insurance company, after the policy had become forfeited by a violation of one of the conditions thereof, make an assessment upon the premium note of the assured, and collect and receive the amount, with full knowledge of such forfeiture, that it amounts to an admission that the contract of insurance is still in existence. Frost v. Saratoga Mut. Ins. Co., 5 Den. 154, holds, that when the application stated untruly that there were no buildings within ten rods of the buildings insured, and the in *320 surers, with full knowledge of the inaccuracy of the statement, afterwards made assessments upon the premium note, that they were estopped from setting up these facts, and were liable for the loss.
In First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305, this court decided that a provision, in a policy executed, that no insurance, whether original or continued, should be binding until the actual payment of the premium, and the written acknowledgment thereof, does not invalidate a subsequent contract by parol, to renew such insurance, for a premium not paid at the time when the risk attached, but postponed to a future day. It was said by the learned judge who delivered the opinion, that on any subsequent agreement for a renewal or continuation of the risk, it was competent for the parties to contract by parol, and to waive payment in cash of the premium, substituting therefor a promise to pay on demand at a future day, and that proof of such agreement would not have a tendency to contradict or change the written policy.. The principle here laid down would appear to cover the question involved in the case at bar, for if the company can thus waive by parol the very condition which provides for the payment of .the consideration money upon which the contract depends, then for .the same reason they can waive a condition which is of no greater importance, and which relates to the authority to make other insurances, which is usuaHy conferred, almost as a matter of course. See Goit v. National Protection Ins Co., 25 Barb. 189, where the same principle is applied.
In Pierrepont v. Barnard, 6 N. Y. (2 Seld.) 279, it was held, that a stipulation in a contract which provided that no timber be cut without a consent in writing, might be waived by parol. The doctrine of waiver has also been frequently applied where leases have been forfeited by a violation of a condition; and the payment of rent, or any other act which recognized' the existence of the lease, by the lessee after forfeiture, has been held to be a waiver. Jackson v. Allen, 3 Cow. 220; Clark v. Jones, 1 Den. 516.
The admission of parol evidence to show the waiver, is clearly within the principle laid down in the cases cited, and it may be established by evidence of an express waiver, or by circum *321 stances from which it may be inferred. So, also, it may be done by the act of the company, or its general agent, who has authority to enter into contracts on its behalf, and, so long as they are confined to matters of the agency, to bind his principals. 25 Barb. 192. Nor is such evidence in conflict with any of the decisions to which our attention has been directed, which-are supposed and claimed to uphold the position that such testimony is inadmissible. Gilbert v. Phœnix Ins. Co., 36 Barb. 372, which holds that the provision requiring notice to be given to the company, and mentioned in or indorsed on the policy, is valid, and that a breach renders the policy void, does not present the question of waiver which now arises. Lamatt v. Hudson River Fire Ins. Co., 17 N. Y. 199, merely decides that evidence of an agreement cotemporaneous with the policy, varying its provisions, is inadmissible ; — a doctrine which cannot be disputed. Neither of them are in conflict with the cases to which I have particularly referred. Some cases are cited outside of this State, but as the law is well settled here, it is not necessary to examine them.
It is said that the evidence was inadmissible by reason of the clause that no condition of the policy could be waived except in writing, signed by the secretary. It was competent, I think, to modify this provision by a valid parol agreement duly executed. In Sheldon v. Atlantic Fire & Marine Ins. Co., 26 N. Y. 460, it was exyoressly decided that a general agent may waive the condition of a policy as to the prepayment of the premium. This would seem to be within the general scope of the authority of the insurance agent; but if there is any question as to* the power of the agent in this respect, I think it is obviated by the act of the company in the present case. They received the-* money of the agent, executed a proper receipt therefor, and did. not return or offer to return the money, thereby ratifying and. confirming the act of their agent. The agreement was executed,, and had the effect to renew the policy. There was nothing in. the policy prohibiting the agent from making a contract, and. notice of the issuing of other policies could be given by the insured, I think, at the place where the agent and the insured, resided, to the agent himself, who alone represented the com- *322 party 'there. Ho tice to him was notice to the defendant; and it was not necessary that the notice should be in writing.
If he had authority to receive the money, as he clearly had, then payment to him was a payment to the defendant. He was fully empowered to act for the company, to use' their receipts, and to make a renewal by the delivery of a receipt signed by the officers of the company. The defendants, by an instrument executed by the proper officers, acknowledged in writing the receipt of the money. They did this with notice of the existence of other insurances. It is presumed that they had the same knowledge which the agent had, and thus they waived the condition by executing a new contract, and are estopped from urging that the condition was not complied with which they have thus waived.
It is said that the estoppel is based upon the acts and declarations of the agent, whose acts and declarations it is agreed shall not affect the party against whom the estoppel is claimed. See 20 N. Y. 32. This is not strictly in accordance with the facts, as the acts of the agent have been ratified by the company, and made their own act, and the estoppel is based as much upon the ratification as the original act itself, which together, if the agent had authority, constitute one transaction.
I think that the learned judge committed no error upon the trial in charging that if notice of other policies of insurance was given to the agent, either at the time of the taking of the renewal receipt, or the payment of the renewal premium, th^tthe plaintiff was entitled to recover, and in refusing to charge that if they should find that the notice, if any, was given after the renewal receipt was issued, although before the payment of the premium, still the policy was void. It was enough, in my opinion, if notice was given to the agent while acting in the transaction of business for his principal, and notice to him was notice to the defendant. Bank of United States v. Lewis, 2 Hill, 461; Ingalls v. Morgan, 10 N. Y. (6 Seld.) 184, 185; Ang. & A. on Corp. § 305. The agent acted for the defendant in effecting the insurance, and in all matters connected with it, and had ample authority for those purposes: and if he received the money with the notice, it was quite as effective as if it had been paid previously, when the receipt was given. The irans • *323 action of receiving the money and giving the receipt must, I think, be considered as one entire thing, so connected together that 'it cannot well be separated. If the company chose to vest their agent with such general powers as to give a receipt before payment, and then accepted this money and notice, they have no ground for complaint because it executed an instrument which binds the corporation for the whole transaction. There is no doubt that the defendants received the money after it was paid, in accordance with the receipt, and it is, I think, a fair legal inference that it was received subject to all the conditions and surrounded by all the circumstances which characterized the transaction.
The remarks as to the last point discussed, apply with equal force to the judge’s refusal to charge that, although notice was given by Burns & Vance at some other time than the application for a renewal of the policy, still the policy was void.
It is also insisted by the defendants, that the judge erred in charging the jury that Burns could not truly swear to the notice unless he recollected it, because it was an affirmative fact, and that unless he recollected it, he had committed perjury in swearing to it. I discover no ground of objection to this portion of the charge. Clearly, it was an affirmative fact in giving notice — an act done by the party, which he swore to positively; and he could not shield himself from a charge of perjury, established by satisfactory evidence, by claiming a want of memory. His positive affirmation that he gave notice would not be in accordance with the truth, if he simply did not recollect. And if he swore without recollection, then it was legal false swearing.
Some other points were made upon the trial, but they are not now presented for our consideration, and require no comment. '
The judgment must be affirmed.
Grover, J., also delivered an opinion for affirming the judgment.
Hunt, Ch. J., and Dwight and Clerks, JJ., concurred in affirmance.
*324 Mason, J., delivered an opinion for reversal, and Bacon and Woodruff, JJ., were also for reversal.
Judgment affirmed, with, costs.