CHILDS v. DELANEY, appellant.

*Evidence — communications between party and attorney — grounds of objection when unnecessary.*

Instructions given by a party to his attorney not in the presence of the opposing party, in respect to a settlement of matters in dispute, are inadmissible in behalf of the party giving them.

When evidence is, upon its face, apparently admissible, the party objecting thereto is bound to state the grounds of his objection; but where, upon its face, it appears inadmissible, a general objection to it as improper is sufficient to call upon the party offering it to show the grounds of its admissibility.

APPEAL by one of the defendants from a judgment at circuit, entered upon the verdict of the jury.

The action was for the conversion of personal property. The question litigated at the trial out of which the exceptions of the appellants arose, was whether the claims of the plaintiff had been settled by the parties. Previous to the commencement of this action, the parties, each having claims against the other, had a personal interview. Evidence was given tending to show that at this inter-

Childs v. Delaney.

view a verbal agreement was made for the settlement of all the claims between them, and that it was understood that all claims were settled and ended, and that the attorneys for the parties were to draw up proper receipts and vouchers to be signed by each party.

After this a release of all claims was executed by the defendant and a satisfaction of two judgments held by plaintiff against defendant was executed by plaintiff. The attorney for defendant who attended to the settlement testified that a full release was not required of plaintiff, because the witness was told by plaintiff's attorney in the matter that the judgments were the only claims held by plaintiff against defendant.

The plaintiff and his attorney in the matter testified that plaintiff privately gave the attorney instructions not to release the claim in suit when offered; the testimony was, as to the directions given by plaintiff, objected to by defendant as improper, and an exception taken as to its admission. Defendant showed that plaintiff, immediately after the settlement, had told a third party that the defendant, Delaney, "thought it was a settlement of all things, but that he (plaintiff) did not intend it as such," and offered to show that this was said in a jubilant manner, which, under plaintiff's objection, he was not permitted to do.

*S. D. Porter* and *Sherman S. Rogers*, for appellant.

*Geo. W. Cothran*, for respondent.

The objection to the evidence of the conversation between plaintiff and his attorney as improper, is too general. *Valton* v. *National Assur. Co.*, 20 N. Y. 35; *Shaw* v. *Smith*, 3 Keyes, 316; *Etheredge* v. *Ladd*, 44 Barb. 69; *Newton* v. *Harris*, 6 N. Y. 345; *Bronner* v. *Frauenthal*, 9 Bosw. 353.

A new trial will not be granted upon ground of incompetent evidence which has done no harm. *Crary* v. *Sprague*, 12 Wend. 41.

The instructions given by plaintiff to his attorney were admissible. *Valton* v. *National Assur. Co.*, 17 Abb. 268; *Bank of Monroe* v. *Culver*, 2 Hill, 531.

The agreement at the interview was void by the statute of frauds. *Brand* v. *Brand*, 49 Barb. 346; *Lawrence* v. *Wood*, 4 Bosw. 354.

The interview did not amount to an agreement. *Day* v. *Roth*, 18 N. Y. 456; *Foster* v. *Trull*, 12 Johns. 458; *Osborn* v. *Robbins*, 37 Barb. 481; *Tilton* v. *Alcott*, 26 id. 598; *Garvey* v. *Jarvis*, 54 id.

179; *Clark* v. *Doles,* 20 id. 42; *Russell* v. *Lytle,* 6 Wend. 390; *Hawley* v. *Foote,* 19 id. 516; *Daniels* v. *Hallenbeck,* id. 408; *Brooklyn Bank* v. *De Grauw,* 23 id. 342; *Suydam* v. *Jones,* 10 id. 180; *Delacroix* v. *Bulkley,* 13 id. 11; *Allen* v. *Jaquish,* 21 id. 628; *Eddy* v. *Graves,* 23 id. 82; *Clough* v. *Murray,* 3 Rob. 16; *Mitchell* v. *Hawley,* 4 Denio, 414.

E. D. SMITH, J. The only question demanding consideration in this case arises upon the exceptions taken by the defendant's counsel on the trial to the testimony of the plaintiff and that of his attorney Halbert, in respect to the instructions of the plaintiff to his said attorney in respect to the settlement with the defendant. It appears that after some conversation between the parties in respect to a settlement, it was referred to their attorneys to draw up and prepare the proper vouchers and receipts to be signed by each.

The defendant claimed and testified that in such conversation it was agreed that all claims, accounts and demands of every name and nature should be settled and released on both sides. This was denied by the plaintiff, and he testified under objection that he employed Halbert to attend to the matter of settlement for him, and told his said attorney that Delaney claimed to have a claim against him, and that he did not think Delaney would release it for the judgments spoken of, because he (plaintiff) had a large claim against him. That Halbert then asked him if he would release that claim against Delaney in the proposed settlement, and he (plaintiff) told him not to release that claim on any account. The attorney Halbert testified to the same conversation. This testimony was objected to as improper, but admitted by the court, and the defendant's counsel excepted.

I have no doubt this evidence was inadmissible. The evidence consisted of the declarations and instructions of the plaintiff given to his attorney, not in the presence or hearing of the defendant, but for his private conduct in negotiating and perfecting the settlement.

A party very clearly cannot in this way make evidence for himself, or corroborate his testimony in chief upon a material issue.

The only question in respect to it is, whether the objection to it was sufficiently explicit.

If the rule, that an exception is not good when no ground is

stated for it, were applied to these exceptions, they must obviously be disregarded, according to the cases of *Valton* v. *National Fire & Life Ins. Co.*, 20 N. Y. 32; *Shaw* v. *Smith*, 3 Keyes, 316.

But I do not think the rule asserted in these cases is applicable to the objection taken to this evidence. When evidence is offered which is apparently, upon its face, inadmissible, as in this case, a general objection to it as improper or inadmissible is sufficient to call upon the party offering such evidence to explain or state to the court upon what ground such evidence is offered, if it be only admissible upon some special or particular ground. In the absence of such explanation the evidence should be excluded, and its admission subject to such general objection is in effect a ruling that such evidence is generally admissible in the cause.

I cannot conceive how the evidence referred to, upon general principles, could be admissible upon any ground. Being objected to, the plaintiff was bound to show its admissibility or specify the ground that should exempt it from the general objection that it was apparently inadmissible upon its face upon well-settled principles. *Filo* v. *Jones*, 38 N. Y. 328. If the evidence was upon its face apparently admissible, then it would doubtless devolve upon the party objecting to it to state the grounds of his objection, so that they might if possible be obviated, if any good reason existed why such evidence should not be received within the case of *Shaw* v. *Smith*, and others above cited, and *Height* v. *People*, 50 N. Y. 392.

In this case I think the evidence in question was improperly received, and the exception to its reception well taken, and that upon this ground the judgment should be reversed and a new trial granted, with costs to abide the event, as to the defendant Delaney.

*Judgment reversed and new trial granted.*