Barker, P. J.
The facts which the defendant offered to prove, in our opinion, constitute a bar to a recovery in this action. In the first place it is to be borne in mind that the plaintiff’s action is founded upon an executory contract and as the defendant alleges and offers to prove, was made and entered into by the defendant upon a false and fraudulent representation made on the part of the plaintiff as to a circumstance relative to the subject-matter of the contract, upon which the defendant relied as true, and he would not have entered into the agreement if he had known the representation was false.
The plaintiff knew that his statement was untrue and from the form of the inquiry and the time the same was made he had every reason to suppose and believe that the defendant would be influenced by his answer as the information sought was peculiarly within his own knowledge. Under these circumstances he was bound by every precept of integrity and fair dealing to make a truthful statement.
It should also be borne in mind that the defendant is not in this action claiming damages against the plaintiff, but is simply resisting the enforcement of a contract procured from him by fraud and deceit. It was not therefore, necessary for the defendant to show in order to defeat a recovery that he had suffered a pecuniary loss in any particular sum by reason of the misrepresentation made by the plaintiff.
The record does not disclose the reason given by the learned trial judge for holding that the evidence was immaterial, but the counsel for the plaintiff places his argument in support of the ruling upon the sole ground that by the offers of proof it did not appear that the defendant had suffered any loss by reason of the misrepresentation, as he had not offered to prove that the market value of the farm was less than he had agreed to pay. The legal proposition is fundamental that fraud voids every contract and annuls every transaction. 2 Parsons on Contracts, 767.
A contract procured from a party by fraud and falsehood cannot be enforced against him by a party procuring it, and a court of equity will annul the same on the complaint of the defrauded party. The real question in the case is, was the fraudulent statement a material one in view of the - nature and character of the contract, as the offer of proof *251 embraced every other fact necessary to constitute a complete defense on the ground of fraud ?
The rule by which it is to be determined whether a statement is a material one or not has been frequently formulated by the courts in recent cases where the question was directly under consideration.
In Smith v. Countryman (30 N. Y., 679), Justice Davies, in his opinion, stated the rule to be that the representation which will vitiate a contract must be material; that it must relate distinctly and directly to the contract, and must affect its very essence and substance. Mr. Parsons, in his work on contracts, gives the rule in this language: “If the fraud be such that had it not been practiced the contract would not have been made, or the transaction completed, then it is material to it.” In an English case (Canham v. Barry, 15 C. B., 597), the gouge by which the materialty of the statement is to be determined is stated in substance as follows: “A contract may be avoided by a false and fraudulent representation, though not relating directly to the nature and character of its subject-matter, if it is so closely connected with the contract as that the party sued upon it would not, but for the representation, have entered into it, and was induced to enter into it, to the knowledge of the other party, by such representation.” See, also, Hammond v. Pennock, 61 N. Y., 152; Moens v. Hey worth, 10 M. & W., 147; Valton v. National Fund Life Ins. Co., 20 N. Y., 32.
Under the rule as stated in these cases, either party to a contract may make a collateral statement made by the other party during the negotiations as to the existence or non-existence of a particular fact, a material one in his own judgment, so if it turns out to be untrue, and was falsely and fraudulently made, it will vitiate the contract if he relied upon the same as true, and would not have entered into the contract but for the statement. This standard, by which it is to be determined whether the fraud be material or not, has been adopted and applied by the courts in this state in many adjudicated cases. In Valton v. National Insurance Co. (supra), it was held that a fraudulent misrepresentation made by the assured to the insurer upon his application for a policy, though not material to the risk, yet material, in the judgment of the insurer, and which induced him to take the risk, would avoid the policy; that the misrepresentation amounted to a fraud; not ■ on the ground of the misrepresentation affecting the nature of the risk, but because it induced a confidence without which the party would not have acted. In Smith v. Countryman {supra) the question was presented whether a contract obtained from a person by fraud and falsehood can be enforced against him by the party procuring it, and it was held that it could not be.
*252 There the action was founded upon an executory contract, and the defendant set up in bar of a recovery that he was induced to enter into the contract by reason of a false and fraudulent material statement made by the plaintiff at the time the agreement was entered into, and upon which he relied and believed to be true.
The same state of facts which will enable a party to avoid a contract in' a court of equity for fraud, will constitute a proper defence at law in an action brought against the defrauded party to recover damages for non performance. From the facts which the defendant offered to prove, the jury would have been justified in reaching the conclusion as a fair and proper deduction therefrom that the defendant, in his own judgment, regarded the statement as to the fact stated by the plaintiff that the farm had not been offered by him for sale on the market at a sum less than $8,500, the price which he was to pay for the same—a, material circumstance—and that the plaintiff had reason to-suppose that the defendant relied upon his answer as being, true, and was induced thereby to conclude the agreement. The inquiry was a natural and pertinent one for a party to make who was negotiating for the purchase of property, either real or personal. It was one way of testing its-market-value. The circumstance that the farm had been offered by the plaintiff for sale on numerous occasions for the sum of $6,000, would have the effect, in a measure, to hinder and make it difficult for the owner to sell it for the price of $8,500, although its intrinsic value was the last mentioned sum. A person negotiating for the purchase of property for the purpose of re-sale on the same market, would ordinarily regard it as a material circumstance in determining his own judgment whether it would be a wise- and proper investment to make, to purchase the same at a. particular price, in the face of the fact that the owner had repeatedly offered it for sale at a much less amount.
Suppose a person treating for the purchase of a span of horses, for which the owner gave his price, and the proposed buyer should inquire whether they had been offered on that-market at a less figure, and the answer should be that they had not, could the seller misapprehend the purpose of the» inquiry .and doubt that the buyer was not influenced by his statement? As a general rule, it is a question of fact for the jury to determine whether the false statement was a material one or not. 2 Parsons on Con. p. 770, and note “Q.” The rule invoked by the plaintiff that fraud without damages resulting therefrom never gives a right of action in favor of the defrauded party, applies to those cases where the injured party is seeking to recover damages from the wrongdoer in an action on the case ea? *253 delicto as an indemnity against the injury which he has sustained by reason of the fraud, and has no just application to a case like the one in hand, where the fraud is relied upon as a defense to the enforcement of an executory contract,
If the false statement relates to a material fact, the law implies that the defrauded party has suffered an injury sufficient to defeat a recovery. By showing that the misstatement was a material one relative to the subject matter of the contract, is proof that damages in some degree have been sustained by the defrauded party, but he is not called upon to give direct proof of the nature and extent of his damages. Where a party is seeking affirmative relief upon the ground of fraud, whether it be legal or equitable, then he is called upon to prove that he has sustained damages in some tangible amount, and the rule, as stated in Pomeroy's Equity Jurisprudence (vol. 2, sec. 898), is as follows: Fraud, without resulting pecuniary damage, is not a ground for the exercise of remedial jurisdiction, equitable or legal; courts of equity do not act as mere tribunals of conscience to enforce duties which are purely moral. If any pecuniary loss is shown to have resulted, the court will not inquire into the extent of the injury.
It is sufficient if the party misled has been very slightly prejudiced, if the amount is at all appreciable. Upon the case which the defendant offered to establish by competent proof, we think a court of equity would annul the contract upon the ground of fraud and deceit.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Haight, Bradley and Dwight, JJ., concur.