By the Court.—Sedgwick, Ch. J.
The objection taken to the orders appointing Mr. Boese a receiver is, that the Code forbids the appointment of the clerk of a court as receiver, “ except by the written consent of all parties” (§ 90, Code Civ. Pro.) After the orders were made, the receiver claimed, to the knowledge of the judgment debtor, that he, as receiver, ivas the owner of two judgments recovered by the debtor in the supreme court. The receiver made a petition to the supreme court, that the amount of the lien of the debtor’s attorneys upon such judgments be ascertained and fixed. The court confirmed the report of the referee, fixing *128 the amount of the lien. It is shown by the affidavits before us that the appellant, the judgment debtor, was a party to this proceeding. The attorney for the receiver makes an affidavit that he is advised and believes that the appellant appeared in the proceeding referred to. This is not denied by any affidavit. The affidavit of the appellant avers with particularity the various steps taken in the proceeding and its result, and says “ that this sum has not been paid by the receiver or anybody else, nor has any part of it been paid.” The affidavit does not assert that the appellant did not have notice of the proceedings or did not appear in them. There can be no doubt that he was a party to the proceeding, and bound by the adjudication upon all the questions involved (Dwight v. St. John, 25 N. Y. 203; Riggs v. Pursell, 74 Ib. 370). A fundamental question was as to the right of the petitioner to take the proceeding as receiver. The adjudication was beneficial to the appellant, as it limited the amount of any appropriation of the proceeds of the judgments to the payment to his attorneys for their services. Therefore, it has been already adjudicated as to the appellant, that Mr. Boese was receiver, and the appellant, having taken an advantage from the order of appointment, cannot now object to it.
He has waived any right that was based upon the statutory limitation made for his benefit (Phyfe v. Eimer, 45 N. Y. 104, and the cases there cited). That limitation being conditional upon an absence of a consent in writing, does not take from a party the power of waiving it, nor annul the consequences of any waiver that he may make (Carroll v. Charter Oak Ins. Co., 10 Abb. Pr. 166; Pierrepont v. Barnard, 6 N. Y. 279).
It is not necessary to examine further the facts to ascertain if the appellant has not, in other ways, so recognized the validity of the order as to prevent his now objecting to it.
What has been said is to be applied to another objec *129 tion, that the appellant did not receive notice of the application for the appointment of a receiver.
The order appealed from is affirmed, with $10 costs.
Freedman, J., concurred.