(20 Misc. Rep. 608.)

MEINHOLD et al. v. BRADLEY SALT CO.

(Supreme Court, Appellate Term.   July 1, 1897.)

ACTION BY PRINCIPAL—INSTRUCTIONS TO AGENT—ADMISSIBILITY.
    In an action upon a contract, made by the plaintiff, through an agent, with the defendant, the plaintiff's instructions to such agent, not communicated to the defendant, are not admissible, on plaintiff's behalf, for the purpose of substantiating the agent's story as to what the contract, entered into on the principal's behalf, actually was; and a general objection to such evidence is sufficient.

Appeal from Ninth district court.

Action by Henry Meinhold and others against the Bradley Salt Company.   From a judgment for plaintiffs, defendant appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. E. Ludden, for appellant.

Daniel P. Hays, for respondents.

BISCHOFF, J. The issue had to do directly with the terms of an agreement entered into between the plaintiffs and the defendant, whereby the former undertook to furnish certain steam power to the latter, at a stated monthly rate, the parties being occupants of adjoining houses. It was claimed by the plaintiffs that the contract called for the furnishing of power for the operation only of the defendant's elevator, but that a subtenant of the defendant, with the latter's consent, had made further use of the power, for the purposes of a pepper mill and the operation of machinery connected with it. Upon the facts in evidence, the judgment rendered in favor of the plaintiffs for the value of this extra power could be supported; but we must hold that a new trial should be had, because of error committed in the reception of certain evidence, under the defendant's objection and exception. The contract in question was verbal, and was made by the plaintiff's agent, Dominick, with the defendant representative, Bradley; but, while Dominick testified that power for the elevator only was agreed to be furnished, the defendant's evidence was to the effect that the plaintiffs had undertaken to provide power also for the running of light machinery, the contention being that the defendant acted within the agreement when thus using power for which the plaintiffs laid claim to extra compensation.

With the issue in this state, the plaintiff Meinhold was called as a witness, and in the course of his examination the following occurred:

"By the Court: Q. What did you tell Mr. Dominick to do? (Objected to, on the ground that the witness cannot properly tell what took place between him and his agent in the absence of the defendant.) Q. repeated as follows: What authority did you confer upon Mr. Dominick with reference to this steam? (Objected to. Objection overruled. Exception to defendant.) A. He was to make arrangements with both of those tenants for elevator power, at $12.50 a month."

As to the inadmissibility of this evidence there can be no question. The party's own instructions to his agent, uncommunicated to the defendant, were here received for the purpose of substantiating the agent's story as to what the contract, entered into by him in his principal's behalf, actually was; and, upon reason and authority, this method of proof is without legal sanction. Childs v. Delaney, 1 Thomp. & C. 506; Lefler v. Field, 52 N. Y. 621. As was said in Childs v. Delaney, supra: "A party, very clearly, cannot in this way make evidence for himself, or corroborate his testimony in chief upon a material issue." The objection taken was sufficiently specific, since, while the appellant did not restate the grounds after the first question had been changed as to form, the substance of the inquiry was unaltered, and there can be no doubt that the point involved was fully brought to the attention of the court. Moreover, it has been held that the inherent incompetency of this kind of evidence calls for its exclusion upon a general objection. Childs v. Delaney, supra. We cannot say that the conclusion reached by the justice upon the facts was unaffected by the testimony thus brought out. It is evident that he considered the matter material, since the question

was of his own framing, and the admissibility of the testimony was maintained by him when challenged.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.